UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard F. CARR, Defendant-Appellant.

No. 76–1883.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 2, 1976.

Decided Feb. 9, 1977.

Mark W. Thiron, John W. Tapp, F. Randall Karfonta, William L. Woodard, Detroit, Mich., for defendant-appellant.

Philip Van Dam, U. S. Atty., J. Brian McCormick, Christopher Andreoff, Asst. U. S. Attys., Detroit, Mich., for plaintiff-appellee.

Before EDWARDS, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

Appellant in this case was convicted of uttering and publishing a United States Treasury check, in violation of 18 U.S.C. § 495 (1970), and with possession of the same, knowing it to be stolen from the mails, in violation of 18 U.S.C. § 1708 (1970). He was sentenced to three years, with the recommendation that he be confined in an institution with an alcohol abuse program.

At his trial before a District Judge in the United States District Court for the Eastern District of Michigan, Southern Division, defendant admitted all of the facts constituting these offenses, but denied that he was guilty on grounds of mental disease or defect which deprived him of ability to conform his actions to the law. Factually his defense was that he was a chronic alcoholic and that his need for alcohol was so overwhelming as to render his commission of this crime involuntary in a legal sense. The District Court rejected appellant's contention that his alcoholic condition was tantamount to a mental illness which met the

tests for mental illness or defect set forth in this court's opinion in *United States v. Smith*, 404 F.2d 720 (6th Cir. 1968).

■ By brief [1] and oral argument appellant invited this court to declare that testimony that an individual was a chronic alcoholic was sufficient to meet the test of legal insanity set forth by this court in *United States v. Smith, supra.* While recognizing that alcoholism and its usually attending emotional problems may be evidence of mental illness which the trier of fact can take into account in determining criminal responsibility, we reject the invitation to hold that proof of chronic alcoholism, standing alone,[2] is the equivalent of proof of legal insanity under either of the two prongs of the test of criminal responsibility set forth in *United States v. Smith, supra.*

■ Appellant's other claims, however, appear to us to have more merit. At the end of a long discussion in which the District Judge as the trier of fact made a careful analysis of the psychiatric testimony finding the government's witness in this regard to be more credible than the witness presented by appellant, the court concluded as a matter of law "that the defendant has failed in his burden of establishing the defense of insanity under the requirements of the *Smith* test." The burden of proof in a criminal prosecution as to all essential elements of the crime, including the sanity of the defendant, of course, rests upon the prosecution and the proofs must be such as to convince the trier of the fact beyond a reasonable doubt. In what we have sometimes termed the second *Smith* case, this court made clear that "[o]nce a prima facie defense of insanity has been raised, the Government has the burden of proving beyond a reasonable doubt that the defendant was sane. *Davis v. United States*, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895)." *United States v. Smith*, 437 F.2d 538, 541 (6th Cir. 1970).

We recognize that we could read the disputed section of the District Judge's opinion as his holding that appellant here had not presented evidence which made a prima facie case of legal insanity. Our review of this record, however, does not allow for this disposition, since it does contain evidence from a competent psychiatrist that appellant in the witness's judgment was incapable of conforming his conduct to the requirements of the law.

Additionally, the memorandum opinion of the District Judge erred in stating the fundamental test adopted by this court in *United States v. Smith*, 404 F.2d 720 (6th Cir. 1968), as follows:

Under the *Smith-Model Penal Code* test, the following elements must be shown in order to successfully establish a defense based upon legal insanity:

1. That the defendant was suffering from a mental illness or defect at the time of the commission of the crime;

2. That the illness was such as to prevent the defendant from knowing the wrongfulness of his act, and

3. That the mental illness was such as to render the defendant substantially incapable of conforming his conduct to the requirements of the law he is charged with violating.

Actually, paragraphs 2 and 3 in the material quoted above from the first *Smith* opinion are stated in the disjunctive. *See United States v. Smith*, 404 F.2d 720, 726–27 (6th Cir. 1968). The substitution of "and" at the end of paragraph 2 for "or" substantially alters the nature of the defense. For these reasons we feel compelled to vacate the judgment of conviction and remand the case to the District Court for further proceedings consistent with this opinion.

---

**1.** At oral argument counsel for appellant withdrew appellate issue II as previously stated and argued in his brief.

**2.** *See Salzman v. United States*, 131 U.S.App. D.C. 393, 405 F.2d 358 (1968).