**UNITED STATES of America, Appellee,**

v.

**Stan STUDNA, an individual, d/b/a D & S Enterprises, and S & J Enterprises, Appellant.**

**No. 82–2538.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1983.

Decided Aug. 9, 1983.

William F. Baxter, Asst. Atty. Gen., Abbott B. Lipsky, Jr., Deputy Asst. Atty. Gen., Robert B. Nicholson, Mark C. Del Bianco, Robert R. Donlan, Attys., Dept. of Justice, Washington, D.C., for appellee.

David R. Gilman, Overland Park, Kan., William R. Hebberger, Kansas City, Mo., for appellant.

Before ROSS and McMILLIAN, Circuit Judges, and HANSON,* Senior District Judge.

ROSS, Circuit Judge.

In November 1982, a jury convicted Stan Studna on ten counts of violating the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. §§ 1984 and 1990c (1976). Studna filed a motion for judgment of acquittal or a new trial on November 15, 1977. The district court[1] denied the motion on November 23, 1982.

On appeal the appellant argues: 1) that 15 U.S.C. §§ 1984 and 1990c are unconstitutional because the language does not require an evil intent or an intent to defraud; 2) that the district court erred when it allowed both sides the number of peremptory challenges prescribed for felony cases by Fed.R.Crim.P. 24(b); 3) that the district court abused its discretion in allowing into evidence copies of documents on file with the Missouri Department of Revenue. After thorough consideration of the arguments and the record in this case we affirm appellant's conviction.

*Background*

In 1979 and 1980 Stan Studna owned two businesses, D & S Enterprises and S.J. Enterprises, which were registered as dealerships in used automobiles. The businesses shared the same address and phone number in Kansas City, Missouri. The State of Missouri requires that at the time of sale or assignment of an automobile the transferor shall place the mileage registered on the odometer on the title. Mo.Ann.Stat. § 407.-536 (Vernon 1979). Using automobile titles and numerous other documents, the government presented evidence tracing the transfer of each of the ten cars and showed that while owned by either D & S Enterprises, S.J. Enterprises or Mid-America Auto

---

\* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Scott O. Wright, United States District Court, Western District of Missouri.

Sales,[2] the odometers on each was altered. The evidence was overwhelming and remains unchallenged by the appellant.

Section 1984 makes it illegal for any person to "disconnect, reset, or alter or cause to be disconnected, reset, or altered, the odometer of any motor vehicle with intent to change the number of miles indicated thereon." 15 U.S.C. § 1984 (1976). Section 1990c provides that anyone who "knowingly and willfully commits any act * * * that violates any provision of this subchapter * * shall be fined not more than $50,000 or imprisoned not more than one year, or both." 15 U.S.C. § 1990c (1976).

### Constitutionality of the Act

Section 1990c, which provides criminal penalties for odometer tampering, was passed in 1976 to provide additional enforcement powers to halt the trafficking of vehicles in interstate commerce which have been subject to odometer rollbacks. S.Rep. No. 94–155, 94th Cong., 2d Sess. 6, reprinted in 1976 U.S.Code Cong. & Ad.News 1718, 1723. The civil statute provides a private right of action to an individual to recover "three times the amount of actual damages sustained or $1,500, whichever is greater". 15 U.S.C. § 1989 (1976). This statute specifically states that an "intent to defraud" is an element of the violation. Id. However, the criminal provision of the Act, section 1990c, does not contain this language. Instead, that section provides that a person who "knowingly and willfully" alters odometers shall be subject to criminal sanctions.

■ Although appellants argument is somewhat confusing, he apparently contends that the criminal statute must contain a requirement of an evil intent or an intent to defraud to withstand a constitutional challenge. If appellant is making the broad argument that every criminal statute must contain some element of specific evil intent, he is clearly wrong. A review of the case law reveals numerous criminal statutes that require no showing of such an evil intent. See, e.g., United States v. Freed, 401 U.S. 601, 607, 91 S.Ct. 1112, 1117, 28 L.Ed.2d 356 (1971) (holding that a violation of the National Firearms Act does not require a showing of scienter); United States v. Dotterweich, 320 U.S. 277, 281, 64 S.Ct. 134, 136–37, 88 L.Ed. 48 (1943) (holding that a violation of the Federal Food, Drug and Cosmetic Act does not require an awareness of wrongdoing); United States v. Woodruff, 600 F.2d 174, 175 (8th Cir.1979) (in prosecution for possession of an unregistered gun, the absence of intent did not provide an adequate basis for acquittal).

■ If, however, appellant's argument is that there must be a showing of an intent to defraud in this case, we are still unable to agree. Appellant's challenge seems to focus on the meaning of the words "knowingly and willfully" in section 1990c. The courts have interpreted similar language in tax statutes to mean an intentional violation of a known legal duty. United States v. Pomponio, 429 U.S. 10, 12, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976), cert. denied, 435 U.S. 942, 98 S.Ct. 1521, 55 L.Ed.2d 538 (1978). See also United States v. Francisco, 614 F.2d 617, 618 (8th Cir.), cert. denied, 446 U.S. 922, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980); Emshwiller v. United States, 565 F.2d 1042, 1045 (8th Cir.1977); United States v. Pohlman, 522 F.2d 974, 976–78 (8th Cir.1975) (en banc), cert. denied, 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). We believe that this interpretation should also apply to 15 U.S.C. § 1990c.

In enacting the odometer requirement section of the Act Congress sought to prohibit tampering with odometers because purchasers rely on this reading as a reflection of the condition and value of the vehicle. 15 U.S.C. § 1981 (1976). Alterations performed with innocent motives have the same capacity to mislead purchasers as those done with evil motives. Congress rec-

---

2. The owner of Mid-America Auto Sales was John Simon, who had a dealer's license but did not actively engage in the used car business. The business address of Mid-America was the same as that of D & S Enterprises and S.J. Enterprises. John Simon denied ever owning the vehicles in question and a handwriting expert identified Studna as the preparer of the assignment documents.

ognized this and requires that even those who legally repair or replace an odometer attach a notice to the vehicle to inform subsequent purchasers. 15 U.S.C. § 1987 (1976). Since Congress required a showing of an intent to defraud in the civil section but did not do so in the criminal section, it seems that requiring such an intent would constitute an unwarranted addition to the statute not reflected by its language.

■ The jury in the present case was properly instructed that an act is done "willfully if done voluntarily and intentionally, and with specific intent to do something the law forbids * * *." We find no error in this instruction.

*Other Issues*

■ In felony cases the government is permitted six peremptory challenges and the defendant is permitted ten. Fed.R. Crim.P. 24(b). In misdemeanor cases each side is permitted three peremptory challenges. *Id.* Although this was a misdemeanor, the district court allowed the number of peremptory challenges permitted for a felony charge. The appellant contends that this is reversible error. We do not agree. Since the appellant did not object to the additional challenges at trial the issue may not be raised on appeal unless a clear miscarriage of justice resulted. *See, e.g., United States v. Eddy,* 660 F.2d 381, 383 (8th Cir.1981); *Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713, 724 (8th Cir.1976). Here the appellant does not contend that the jury was in any way unfair, partial or prejudice. In addition, the 10:6 ratio appears more favorable to the appellant than the 3:3 ratio permitted in misdemeanor cases under the Rules. Therefore, even assuming, without deciding, that the district court erred by allowing the additional challenges, any error must be viewed as harmless.

We have considered appellant's other argument regarding the admissibility of Studna's application for dealer's license and find it is without merit.

For the foregoing reasons, the judgment is affirmed.