**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Charles TOWNSEND,
Defendant-Appellant.**

**No. 85–5813.**

United States Court of Appeals,
Sixth Circuit.

Argued May 9, 1986.

Decided July 11, 1986.

Charles J. Gearhiser (argued), Gearhiser, Peters and Horton, Chattanooga, Tenn., Sam Elliott, for defendant-appellant.

Randy Chartash (argued), Raymond W. Philipps, Office of Consumer Litigation, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before KENNEDY and MILBURN, Circuit Judges; and JOINER, Senior District Judge [*].

MILBURN, Circuit Judge.

Defendant-appellant Charles Townsend was convicted on three counts of mail fraud in violation of 18 U.S.C. § 1341 and on seven counts of altering odometers in violation of 15 U.S.C. § 1984. Defendant was sentenced to concurrent three-year terms of imprisonment on the three counts which charged mail fraud and was fined $10,000.00 on each of the seven counts which charged odometer alteration. After defendant's motions for a judgment of acquittal or a new trial and for reduction of his sentence were denied, defendant appealed. For the reasons that follow, we affirm.

[*] The Honorable Charles W. Joiner, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

## I.

Defendant was licensed by the state of Tennessee to operate a used-car dealership under the name Chief's Motor Sales, Inc. Don McColpin, of Don's Auto Sales, Inc., testified that he purchased seven cars and later sold them to defendant. Documents introduced at trial showed that these cars had "high" mileage when they were purchased by McColpin and when they were sold to defendant. McColpin testified that he personally sold the cars to defendant, not to someone else from Chief's Motor Sales, and that he transferred the title to each of the cars to defendant. When shown the documents submitted by defendant to the Tennessee Department of Revenue, McColpin testified that the titles he assigned defendant had been altered to show a false "low" mileage and that an odometer statement purportedly furnished to defendant by McColpin was a forgery.

During direct examination, the government brought out that McColpin had engaged in "washing" titles for dealers other than defendant and that he had signed a plea agreement with the United States Attorney for the Northern District of Oklahoma. The letter agreement, introduced during direct examination, stated that McColpin would plead guilty to a charge of wire fraud and that McColpin would cooperate with other investigations by testifying truthfully.

Claude Climer, County Clerk for Bradley County, Tennessee, testified that he received an application for a new title from defendant's dealership for each of the seven cars and that he mailed the applications to the Tennessee Department of Revenue in Nashville. These applications were signed "Charles F. Townsend" and represented a lower mileage than that shown on the documents involved in the purchase of the cars from McColpin.

William Butler, of the Tennessee Department of Revenue, testified that in order to receive a new Tennessee title, one must submit an application and outstanding certificate of title, along with the proper assignments of ownership and an odometer mileage statement. Butler further testified that he refused to issue new titles for the cars because the mileage shown on the old title submitted with the applications indicated a "strikeover" alteration.

Lou Fazio, General Manager of the Butler Auto Auction, testified that defendant was the only person from Chief's Motor Sales authorized to sell cars at the auction. Fazio further testified that during an auction the selling dealer would tell the auction clerk what odometer mileage was on the car and that the auction clerk would utilize the given figure to prepare the car's sale documents. Fazio authenticated the sale documents relating to the seven cars that were the subject of the various counts of the indictment. These documents showed that each of the seven cars was sold at the auction with a "low" mileage.

Roy Pierce testified that he had been altering odometers of used cars for defendant for the past five to six years and that the last time he altered an odometer for defendant was after defendant's indictment. Pierce further testified that defendant personally told him what cars to alter and what mileage to show on the odometers and that defendant paid him $5.00 per car. However, Pierce was unable to state with specificity which automobiles he had rolled back and was unable to identify the seven cars at issue.

Prior to trial, defendant signed a written plea agreement which provided that he would plead guilty to one mail fraud count and two odometer counts. In return, the government would dismiss the remaining counts. Defendant would be sentenced to no more than two years in prison and be fined $25,000.00. The plea agreement was filed, and defendant entered a plea of guilty in accordance with the agreement. However, defendant later withdrew his guilty plea, and the case proceeded to trial.

## II.

### A. *Sufficiency of the Evidence.*

First, defendant argues that the government failed to establish beyond a reason-

able doubt that he actually altered the odometer of any of the motor vehicles in question. In a criminal prosecution, the government carries the burden of establishing all essential elements of the crime by evidence sufficient to convince the trier of fact beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Johnson,* 741 F.2d 854, 856 (6th Cir.) (per curiam), *cert. denied,* — U.S. —, 105 S.Ct. 572, 83 L.Ed.2d 512 (1984); *United States v. Carr,* 550 F.2d 1058, 1059 (6th Cir.1977) (per curiam). Our review is limited to determining whether the evidence, viewed in a light most favorable to the government, is sufficient for the reasonable trier of fact to find that the evidence established guilt beyond a reasonable doubt. *Johnson,* 741 F.2d at 856; *United States v. Ranzoni,* 732 F.2d 555, 559 (6th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 292, 83 L.Ed.2d 228 (1984). In determining the sufficiency of the evidence, it is not necessary that each element of the crime be supported by direct evidence. "[C]ircumstantial evidence alone can sustain a guilty verdict and ... to do so, circumstantial evidence need *not* remove every reasonable hypothesis except that of guilt." *United States v. Stone,* 748 F.2d 361, 362 (6th Cir.1984) (emphasis in original). *See also Johnson,* 741 F.2d at 856.

■ The district court properly instructed the jury that the government, in order to establish a violation of 15 U.S.C. § 1984, had to prove, beyond a reasonable doubt, that defendant altered, or caused to be altered, the odometer of a motor vehicle. Although the government produced no direct evidence that defendant actually altered the odometers, it produced sufficient circumstantial evidence from which the jury could have reasonably concluded that defendant altered or directed someone else to alter the odometer of each of the seven cars. *See United States v. Studna,* 713 F.2d 416, 417–18 (8th Cir.1983). The documentary evidence established that the cars when purchased had a higher mileage than the mileage on the cars when they were sold by defendant. Moreover, the testimo-

nial evidence established that defendant had been personally involved in causing the alteration of odometers to a lower mileage. It was not necessary that the government prove the actual alteration of odometers by direct evidence. *See Stone,* 748 F.2d at 362; *Johnson,* 741 F.2d at 856; *Studna,* 713 F.2d at 417–18.

### B. *Pierce's Testimony.*

■ Second, defendant argues that the district court erred by permitting Pierce to testify that he previously rolled back odometers for defendant. The district court permitted the testimony "for purposes of showing either the defendant's direct participation in the charged offense ... or as to defendant's intent as permitted under Federal Rule of Evidence 404(b)." The district court further instructed the jury that the testimony could not be considered "to establish any bad character or criminal propensity ... but, rather ... on questions of motive, intent, absence of mistake or inadvertence, identity, preparation or plan, if any."

To be admissible, prior acts evidence "must be relevant to a matter at issue." *United States v. Ismail,* 756 F.2d 1253, 1259 (6th Cir.1985). *See also United States v. Hamilton,* 684 F.2d 380, 384 (6th Cir.), *cert. denied,* 459 U.S. 976, 103 S.Ct. 312, 74 L.Ed.2d 291 (1982). It is defendant's contention that intent was not at issue in this case because intent could be readily inferred from proof of the criminal act charged. In *Hamilton,* we approved the government's introduction of prior acts evidence to show that the defendant passed altered bills with the intent to defraud. In rejecting the defendant's argument that intent was not at issue, we said:

"Faced with a plea of not guilty, the prosecution is under no obligation to wait and see whether the defendant argues the non-existence of an element of crime before the prosecution presents evidence establishing that element." ... Indeed, the government has an affirmative bur-

den to prove every element of the crime beyond a reasonable doubt.

684 F.2d at 384 (citations omitted). Mail fraud, like the crime of uttering altered obligations, requires proof of intent to defraud, and, therefore, intent was at issue.

■ Before admitting prior acts evidence, the district court must determine that the probative value of the evidence outweighs its prejudicial effects. *Ismail,* 756 F.2d at 1259; *United States v. Dabish,* 708 F.2d 240, 242 (6th Cir.1983). It is defendant's contention that Pierce's testimony was far more prejudicial than probative. "The district court has broad discretion in balancing probative value against potential prejudicial impact." *Ismail,* 756 F.2d at 1259. *See also Dabish,* 708 F.2d at 242. Pierce's testimony established that defendant caused odometers to be altered during the period covered by the indictment and that defendant was engaged in an ongoing scheme to defraud. Moreover, the district court, by giving a strong cautionary instruction, insured that defendant would not be unfairly prejudiced by the testimony. The district court did not abuse its discretion.

■ Defendant also contends that Pierce's testimony regarding defendant's illegal activities after indictment was unfairly prejudicial. Testimony containing references to possible future criminal activity may be admitted where, as here, the references are "intertwined with and part of the evidence of motive, scheme, and intent" and are not "introduced solely to show criminal disposition." *United States v. Reynolds,* 762 F.2d 489, 494 (6th Cir. 1985). *See also United States v. Vincent,* 681 F.2d 462, 465 (6th Cir.1982). The district court instructed the jury about the limited permissible use of the testimony and did not abuse its discretion in balancing probative value against possible prejudicial impact.

### C. *McColpin's Testimony.*

Third, defendant argues that the district court erred by permitting the government to impeach McColpin during direct exami-

nation. Under Rule 607 of the Federal Rules of Evidence, the credibility of a witness can be attacked by any party, including the party calling the witness. *See United States v. Gorny,* 732 F.2d 597, 604 (7th Cir.1984); *United States v. Crouch,* 731 F.2d 621, 624 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 778, 83 L.Ed.2d 773 (1985); *United States v. Williams,* 711 F.2d 748, 752 (6th Cir.), *cert. denied,* 464 U.S. 986, 104 S.Ct. 433, 78 L.Ed.2d 365 (1983). Rule 607 may not, however, be used "for the purpose of introducing irrelevant evidence or of establishing the defendant's guilt by association with the witness." *Gorny,* 732 F.2d at 604. *See also Crouch,* 731 F.2d at 624.

■ It is defendant's contention that the government elicited McColpin's testimony that he had entered into a plea agreement regarding titles he "washed" for Cleveland, Tennessee, dealers solely for the purpose of establishing defendant's guilt by association. However, courts have consistently recognized that "the elicitation of the fact of the agreement and the witness' understanding of it ... should be permitted on direct examination in order to anticipate cross-examination by the defendant which might give the jury the unjustified impression that the Government was concealing this relevant fact." *United States v. Edwards,* 631 F.2d 1049, 1052 (2d Cir.1980). *See also United States v. Oxman,* 740 F.2d 1298, 1302–03 (3d Cir.1984), *vacated on other grounds sub nom. United States v. Pflaumer,* —— U.S. ——, 105 S.Ct. 3550, 87 L.Ed.2d 673 (1985); *United States v. Henderson,* 717 F.2d 135, 137 (4th Cir.1983), *cert. denied,* 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 238 (1984). Furthermore, McColpin did not testify that he washed titles for defendant or testify in any manner to link defendant to his illegal activities.

■ It is also defendant's contention that introduction of the entire plea agreement impermissibly bolstered McColpin's credibility because it contained a promise by McColpin to testify truthfully. How-

ever, a majority of the courts that have considered this issue have held that elicitation during direct examination of a plea agreement containing a promise to testify truthfully does not constitute impermissible bolstering of the witness' credibility. *See United States v. Leslie,* 759 F.2d 366, 378 (5th Cir.1985), *rev'd on rehearing en banc on other grounds,* 783 F.2d 541 (1986); *Oxman,* 740 F.2d at 1302–03; *United States v. McNeill,* 728 F.2d 5, 14 (1st Cir.1984); *Henderson,* 717 F.2d at 137–38; *United States v. Winter,* 663 F.2d 1120, 1133–34 (1st Cir.1981); *United States v. Craig,* 573 F.2d 513, 519 (7th Cir.), *cert. denied sub nom. Markert v. United States,* 439 U.S. 820, 99 S.Ct. 83, 58 L.Ed.2d 111 (1978). While the existence of a plea agreement may support the witness' credibility by showing his or her interest in testifying truthfully, the plea agreement may also impeach the witness' credibility by showing his or her interest in testifying as the government wishes regardless of the truth. *United States v. Arroyo-Angulo,* 580 F.2d 1137, 1146 (2d Cir.), *cert. denied,* 439 U.S. 913, 99 S.Ct. 285, 58 L.Ed.2d 260 (1978). *See also United States v. Borello,* 766 F.2d 46, 56 (2d Cir.1985); *McNeill,* 728 F.2d at 14; *United States v. Barnes,* 604 F.2d 121, 151 (2d Cir.1979), *cert. denied,* 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980). Introduction of the entire plea agreement permits the jury to consider fully the possible conflicting motivations underlying the witness' testimony and, thus, enables the jury to more accurately assess the witness' credibility. *McNeill,* 728 F.2d at 14; *Winter,* 663 F.2d at 1134; *Craig,* 573 F.2d at 519. Thus, we do not believe that introduction of the entire plea agreement improperly bolstered McColpin's credibility.

D. *Jury Instructions.*

■ Fourth, defendant argues that the district court erred by refusing to give defendant's requested jury instructions regarding mail fraud, corporate responsibility, and immunized witnesses. The district court has broad discretion in determining appropriate jury instructions, and the de-

fendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instructions. *United States v. Shigemura,* 682 F.2d 699, 704 (8th Cir.1982), *cert. denied,* 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983). The refusal to give a requested instruction will not be overturned if the requested instruction was substantially included in the instructions already given. *United States v. Lane,* 708 F.2d 1394, 1397 (9th Cir.1983).

■ Defendant's requested instructions were correctly and adequately covered by the instructions given by the district court. Defendant requested that the jury be instructed that the government, to sustain a mail fraud charge, must prove that the mails have been used for the purpose of executing a scheme to defraud. The district court instructed the jury that "use of the United States mail in furtherance of a scheme to defraud is an essential element of the offense charged." Defendant also requested that the jury be instructed that an officer of a corporation is not criminally liable for the actions of the corporation performed through officers, agents or employees who are not acting under the officer's direction or with his permission. The district court instructed the jury that the acts of defendant's employees or agents had to be "willfully ordered or directed or willfully authorized or consented to by the accused defendant...." Finally, defendant requested that the jury be instructed regarding the possibilities of prejudice and unreliability of witnesses testifying under immunity. The district court instructed the jury to consider with caution the testimony of witnesses testifying pursuant to a grant of immunity.

E. *Sentencing.*

■ Finally, defendant argues that the district court abused its discretion in sentencing him to three years in prison and a $70,000 fine. It is defendant's contention that the sentence was excessive in view of

the lesser sentences imposed in similar cases and the minimal amount of damage incurred by purchasers of the automobiles. The maximum punishment for mail fraud is five years imprisonment, or $1,000 fine, or both; and for altering odometers, it is one-year imprisonment, or $50,000 fine, or both. Thus, the sentence imposed is well within. the range permitted by statute, and defendant has not demonstrated any abuse of discretion.

It is also defendant's. contention that the "excessive" sentence demonstrates that the district court penalized him for withdrawing his guilty plea. The fact that defendant received a more severe sentence upon conviction does not establish judicial vindictiveness. In *Hitchcock v. Wainwright,* 770 F.2d 1514 (11th Cir.1985), the court stated:

> Absent a demonstration by the defendant of judicial vindictiveness or punitive action, a defendant may not complain simply because he received a heavier sentence after trial.... [M]ere allegation of discrepancy between a defendant's actual sentence and that which he would have received had he foregone trial to plead guilty does not invalidate the sentence.

*Id.* at 1519 (citation omitted). Moreover, the offer of two years imprisonment and a $25,000 fine was made in exchange for a plea of guilty on one count of mail fraud and two counts of altering odometers. However, defendant was convicted of three counts of mail fraud and seven counts of altering odometers. Having withdrawn the plea bargain, defendant cannot expect to receive the benefits of that bargain after conviction. *United States v. Lippert,* 740 F.2d 457, 460 (6th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1200, 84 L.Ed.2d 344 (1985).

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.