836 F.2d 551
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Lamont REED, Defendant-Appellant.
 No. 87-5338/5354.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1987.
 
 Before NATHANIEL R. JONES, WELLFORD and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Defendants appeal their convictions for bank robbery involving the use of a dangerous weapon in violation of 18 U.S.C. Sec. 2113(a) & (d) and carrying a firearm during the commission of a felony in violation of 18 U.S.C. Sec. 924. Although both defendants are presented represented by court-appointed counsel, the attorney in case no 87-5354 has filed both a motion for leave to withdraw as counsel and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Upon review of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Defendants seek review of their convictions for bank robbery involving the use of a dangerous weapon in violation of 18 U.S.C. Sec. 2113(a) & (d) and use of a firearm during the commission of a felony in violation of 18 U.S.C. Sec. 924 in the district court for the Eastern District of Kentucky. In these consolidated appeals both defendants now maintain that those convictions are invalid as the jury was not presented with sufficient evidence necessary to support a finding of guilt. Moreover, in case no 87-5354, defendant Steven Lamont Reed also contends that the district court erred in determining that two incriminating statements which he had provided law enforcement agents were voluntary in nature and that it furthered erred in declining to give the jury a specific instruction on that issue.
 
 
 3
 On appeal this court may disturb a criminal conviction on the basis of the insufficiency of the evidence only if it can conclude that the evidence adduced at trial, viewed in the light most favorable to the prosecution, is so lacking that a reasonable trier of fact could not have found the defendant guilty beyond a reasonable doubt. United States v. Townsend, 796 F.2d 158, 161 (6th Cir.1986); United States v. Stone, 748 F.2d 361 (6th Cir.1984). Examination of the record in light of that standard discloses that there was in fact sufficient evidence to support defendants' convictions. Likewise, defendants' argument that there was insufficient evidence to support the jury's determination that they had used a dangerous weapon, i.e. a homemade bomb, during the commission of the robbery is also without merit. McLaughlin v. United States, --U.S. ----, 106 S.Ct. 1677 (1986).
 
 
 4
 In case no. 87-5354, defendant Steven Lamont Reed also challenges his conviction on the grounds that two incriminating statements which he had provided law enforcement agents were involuntary and that it was error for the district court not to instruct the jury on that question. Both arguments are without merit. The record, particularly the transcript of the suppression hearing conducted before the trial court, discloses that defendant's confessions were voluntary and obtained in conformity with his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Furthermore, the district court's failure to instruct the jury on the question of voluntariness does not constitute reversible error as evidence on that issue was never placed before the jury. United States v. McLernon, 746 F.2d 1098, 1118 (6th Cir.1984).
 
 
 5
 Accordingly, the motion to withdraw as counsel in case no 87-5354 is hereby granted. Furthermore, the judgments of the district court under review in both these cases are hereby affirmed. Rule 9(b)(5), Rules of the SIxth Circuit.