836 F.2d 1348
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Collins Louis GLENN, II aka David Bloomfield and Robert Earl
Tyler, Defendant-Appellant.
 No. 87-1372.
 United States Court of Appeals, Sixth Circuit.
 Jan. 4, 1988.
 
 Before KEITH, MILBURN and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Collins Louis Glenn, II (defendant) appeals the district court's imposition of sentence on his conviction for mail fraud and interstate transportation of securities taken by fraud. On September 5, 1986, a ten-count indictment was returned against defendant charging him with five counts of violating 18 U.S.C. Sec. 1341 (mail fraud) and five counts of violating 18 U.S.C. Sec. 2314 (interstate transportation of securities taken by fraud). These statutes carry maximum prison terms of ten and five years, respectively.
 
 
 2
 The defendant was jury-tried in January 1987, and the jury returned a verdict of guilty on all counts of the indictment.[1] The defendant was sentenced on April 3, 1987, as follows:
 
 
 3
 Counts I, II, and III: Three years custody on each count concurrent with each other.
 
 
 4
 Counts IV, V, and VI: Defendant to be committed to a term of imprisonment for two years on each count and sentences to run concurrent with each other as well as the sentences imposed on Counts I, II, and III.
 
 
 5
 Counts IX and X: The defendant to be committed to a term of imprisonment of seven years on each count, the sentences to run concurrent with each other but consecutive to sentences imposed on Counts I through VI.
 
 
 6
 The net effect of this sentence is that the defendant is to serve a total of ten years imprisonment. The defendant was fined a total of $5,000.00, ordered to pay restriction in the amount of $85,000.00, and also ordered to pay special assessments totaling $500.00.
 
 
 7
 The charges against defendant related to a fraudulent scheme whereby he received checks drawn on the account of Michigan Consolidated Gas Company. Cynthia Brown, defendant's girl friend, was an employee of the company. Evidently, Ms. Brown gained access to the company's computer, which prints and mails checks to the company's contractors, vendors, and suppliers. The government alleged that the computer was programmed by Ms. Brown to issue checks made payable to the defendant. The total amount of the fraud perpetrated against the company accounts was in the neighborhood of $230,000.00. Of this total, $85,000.00 was never recovered.
 
 
 8
 Prior to defendant's indictment, the government proposed a plea agreement under Federal Rule of Criminal Procedure 11(e). The agreement provided that in return for a guilty plea, the defendant would be charged with only one count of violating 18 U.S.C. Sec. 1341, and the maximum penalty sought would be two years. The defendant rejected this agreement.[2]
 
 
 9
 The defendant argues that the district court's imposition of a harsher sentence after trial than proposed in the government's plea agreement is an unconstitutional attempt to punish him for the exercise of his constitutional right to a trial by jury. See North Carolina v. Pearce, 395 U.S. 711, 723-24 (1969) (holding that "vindictiveness against the defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial."). The defendant has made no allegation, however, of actual vindictiveness on the part of the district court. Moreover, it appears from the record that the district court's sentencing was not guided by such vindictiveness. This is not a case where a plea agreement was accepted and then withdrawn, and indeed there is no evidence that the district court was even aware that a plea agreement had been offered.
 
 
 10
 In United States v. Townsend, 796 F.2d 158 (6th Cir.1986), we held that the fact that a defendant receives a more severe sentence after rejection of a plea agreement, standing alone, is insufficient to establish judicial vindictiveness.
 
 
 11
 "Absent a demonstration by the defendant of judicial vindictiveness or punitive action, a defendant may not complain simply because he received a heavier sentence after trial.... [M]ere allegation of discrepancy between a defendant's actual sentence and that which he would have received had he foregone trial to plead guilty does not invalidate the sentence."
 
 
 12
 Id. at 164 (quoting Hitchcock v. Wainwright, 770 F.2d 1510, 1514 (11th Cir.1985)). Based on Townsend, we reject defendant's argument that the imposition of a harsher sentence after his rejection of a proffered plea agreement is a violation of due process.
 
 
 13
 The defendant also argues that the district court abused its discretion in imposing sentence upon him. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." Dorszynski v. United States, 418 U.S. 424 (1974). The defendant asserts that he has no prior arrest record, a high school education, and that he has been tested negatively for drug use. He also asserts that his culpability in the scheme was equal to that of his codefendant, Ms. Brown, who received a lighter sentence.
 
 
 14
 We find, however, that the district court did not abuse its discretion in imposing sentence in this case. As noted above, the sentence is well within the statutory limitations. Moreover, the size of the fraud perpetrated by defendant was substantial. Accordingly, the district court did not abuse its discretion and the court's sentence is AFFIRMED.
 
 
 
 [1]
 Also charged in the indictment was the defendant's girl friend, Cynthia Brown. Ms. Brown was a codefendant in this case and was convicted on Counts I through VI of the same indictment
 
 
 [2]
 On appeal the defendant asserts that an added condition of the proposed plea agreement was that his codefendant, Ms. Brown, also plead guilty. A review of the agreement itself, however, discloses that no such condition existed