856 F.2d 196
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey M. BUGGS, Defendant-Appellant
 No. 88-1002.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 In this direct criminal appeal, defendant seeks review of his conviction for possession of a handgun by a convicted felon in violation of 18 U.S.C. Sec. 922(g). Although a court-appointed attorney has represented defendant during the trial and in the initial stages of this appeal, his attorney has now moved for leave to withdraw and submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Upon examination of the brief and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Defendant, Jeffrey M. Buggs, was charged with possession of a handgun by a convicted felon in violation of 18 U.S.C. Sec. 922(g) by a grand jury for the United States District Court for the Eastern District of Michigan. A two-day jury trial before that court resulted in a verdict of guilty and the imposition of a sentence of three years imprisonment. Defendant now appeals that judgment based upon the arguments that: 1) the guilty verdict was erroneous due to various weaknesses in some of the testimony and physical evidence adduced by the prosecution; and 2) the sentence imposed was generally unfair. Neither of those contentions is of sufficient merit to warrant the reversal of the judgment of the district court.
 
 
 3
 As his first ground for appeal, defendant directs the court's attention to various weaknesses in the testimony of witnesses and physical evidence produced against him at trial. For instance, defendant observes that no fingerprints were found on the weapon which he was charged with possessing, that the gun was not actually on his person at the time of his arrest, and that the testimony of various witnesses simply was not worthy of belief. As he does not challenge the admissibility of that evidence, defendant is in effect arguing that there was insufficient evidence to support his conviction. In order to prevail upon such a claim, defendant must demonstrate that the evidence presented at trial, viewed in the light most favorable to the prosecution, was so lacking that no reasonable trier of fact could have found him guilty beyond a reasonable doubt. United States v. Townsend, 796 F.2d 158 (6th Cir.1986); United States v. Stone, 748 F.2d 361 (6th Cir.1984). Examination of the record, particularly the transcript of trial, discloses the presence of more than ample evidence, in the form of direct testimony from witnesses and physical evidence, capable of supporting defendant's conviction. Accordingly, this court is without authority to disturb the jury's determination of guilt on the basis of various weaknesses which defendant perceives to have been present in the evidence adduced against him.
 
 
 4
 Defendant also generally objects to his sentence of three years imprisonment on the basis of his general assertion that that punishment was unfair. In response to that argument, the court need observe only that the sentence accorded defendant fell well within the range of punishments which might have been imposed under 28 U.S.C. Sec. 924. As a result, this court is generally without authority to disturb the district court's determinations as to punishment. United States v. Barbara, 683 F.2d 164 (6th Cir.1982). Furthermore, scrutiny of the transcript of defendant's sentencing hearing discloses no defect in that proceeding which would render his sentence unfair.
 
 
 5
 For the foregoing reasons the court concludes that the appeal is frivolous, and the motion for leave to withdraw as counsel is hereby granted. Furthermore, the final judgment of the district court entered on December 14, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.