872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vada WEBB, also known as Vada Berryman, Defendant-Appellant, (88-5907)
Phyllis Trent, Defendant-Appellant. (88-5909)
 Nos. 88-5907, 88-5909.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1989.
 
 1
 Before ENGEL, Chief Judge, and NATHANIEL R. JONES, Circuit Judge, and GEORGE E. WOODS, District Court Judge.*
 
 ORDER
 
 2
 In these consolidated appeals defendants, Vada Webb and Phyllis Trent, seek review of their convictions for possession with the intent to distribute and distribution of marijuana and use of a firearm during the commission of a felony. Counsel for defendant Webb now moves for leave to withdraw as counsel and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34.
 
 
 3
 On May 24, 1988, a jury in the District Court for the Eastern District of Kentucky found defendants guilty of possession and distribution of marijuana in violation of 21 U.S.C. Sec. 841 and 18 U.S.C. Sec. 2 and use of a firearm during the commission of a felony in violation of 18 U.S.C. Sec. 924. Pursuant to the Sentencing Reform Act of 1984, 28 U.S.C. Sec. 991 et seq., defendant Trent was sentenced to a term of ninety months imprisonment. Defendant Webb received a shorter sentence of sixty months incarceration. Defendants now appeal their convictions and punishments.
 
 
 4
 Both defendants challenge the validity of their convictions for use of a firearm during the commission of a felony on the basis of the sufficiency of the evidence. While conceding the presence of two guns in the automobile which they were driving during the drug transaction that resulted in their arrest, defendants maintain that the weight of the evidence adduced at trial showed that those weapons bore no relationship to that felony. That argument is without merit, however, as this court may disturb a criminal conviction due to insufficient evidence only if it concludes that the evidence, viewed in the light most favorable to the prosecution, is so lacking that no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Townsend, 796 F.2d 158, 161 (6th Cir.1986); United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984). Based upon a careful examination of the trial transcript, this court concludes that defendants' convictions under 18 U.S.C. Sec. 924 do not violate that standard.
 
 
 5
 Defendant Trent raises the additional arguments that her conviction under that statute was the product of an erroneous jury instruction and that her sentence was illegal due to the unconstitutionality of the Sentencing Reform Act of 1984, 28 U.S.C. Sec. 991 et seq. In regard to the former contention, the court notes that defendant made no objection to the challenged instruction under Fed.R.Crim.P. 30. Accordingly, the instruction must be reviewed under the plain error rule. Fed.R.Crim.P. 52(b). See also United States v. Saussy, 802 F.2d 849, 853 (6th Cir.1986), cert. denied, 480 U.S. 907 (1987). Scrutiny of the instruction in question reveals no error of that magnitude. Finally, the court must summarily reject defendant Trent's arguments concerning the validity of the Sentence Reform Act of 1984 on the basis of the Supreme Court's decision in Mistretta v. United States, --- U.S. ----, 109 S.Ct. 647 (1989).
 
 
 6
 Accordingly, the motion to withdraw as counsel in case no. 88-5907 is hereby granted and the judgments of the district court in both appeals are affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation