**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph Lee COOPER, Defendant–Appellant.**

No. 99–5328.

United States Court of Appeals, Sixth Circuit.

July 18, 2001.

Before BOGGS, SUHRHEINRICH, Circuit Judges; ALDRICH, District Judge.*

PER CURIAM.

Defendant Joseph Lee Cooper appeals his conviction for possession of a firearm and ammunition by a convicted felon. We AFFIRM.

In the early hours of February 19, 1998, Officer Dennis Pack of the Knoxville Police Department stopped a vehicle that had made a wide turn; Officer Pack suspected the driver had been drinking. Officer Pack noticed that the license tag had expired. He then identified the occupants: Judy Mebine was the driver; Defendant was the front seat passenger; and Laura Mebine was the back seat passenger. Officer Pack checked for outstanding warrants and learned Judy Mebine was driving on a suspended license and that both Judy Mebine and Defendant had outstanding warrants. Officer Pack called for other officers for backup support and arrested Defendant and Judy Mebine. When the

---

* The Honorable Ann Aldrich, United States District Judge for the Norther District of Ohio, sitting by designation.

officers arrived, Mebine and Defendant were handcuffed and placed in separate police vehicles.

Officer Pack then searched Judy Mebine's vehicle incident to her arrest and found a .357 pistol under the middle of the front seat with the handle of the gun positioned towards the passenger door where defendant was seated. Officer Pack photographed the gun where it was found and then secured it in his cruiser's trunk. The entire stop was video taped. Later, Officer Pack reviewed the videotape and found that the gun was not visible, unless someone looked under the seat.

Officer Pack first questioned Judy Mebine about the gun. After advising Defendant of his rights, Officer Pack then questioned him about the gun. Officer Pack told Defendant that he found a gun in the car and asked Defendant if it was his, which Defendant denied. Officer Pack then asked Defendant if his fingerprints would be found on the gun, which Defendant affirmed explaining that he had handled the gun in the past. Later, the gun was tested for fingerprints, and Defendant's fingerprints were not found on it.

Officer Pack took Defendant to the Knox County Jail on the outstanding warrant. During the ride to the jail, Defendant started talking about the gun, saying that he had previously handled the gun but did not know it was in the car.

Defendant was charged with possessing a .357 caliber Smith and Wesson revolver and possessing ammunition for it, after having previously been convicted of a felony. The parties stipulated that Defendant was a convicted felon. The parties further stipulated that the firearm and ammunition had traveled in interstate commerce under 18 U.S.C. § 922(g) (2000) and that both met the definition of "firearm" and "ammunition" under 18 U.S.C. § 921(a)(3) and § 921(a)(17)(A) (2000), respectively.

Defendant moved for a judgment of acquittal at the close of the Government's case, arguing that based on the evidence he could not have constructively possessed the gun. The district court denied that motion. A jury then convicted Defendant of being a felon in possession of a firearm and ammunition.

Defendant argues Officer Pack testified that Defendant said he did not know the handgun was in the car. Moreover, Defendant explains that he was riding as a passenger and the handgun was not visible to a passenger without looking under the seat. Defendant concludes that based on the available testimony, he could not have constructively possessed the gun because he did not know it was available.

A trial court's denial of a defendant's motion for judgment of acquittal will be reversed on appeal only if the evidence offered, viewed in the light most favorable to the government, is insufficient for a reasonable trier of fact to establish guilt beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Townsend,* 796 F.2d 158, 161 (6th Cir. 1986).

An insufficiency of the evidence claim requires a defendant to show that the government failed to prove beyond a reasonable doubt an element of the crime. *See United States v. Talley,* 164 F.3d 989, 996 (6th Cir.1999). A felon-in-possession charge requires (1) the firearm and ammunition traveled in interstate commerce, (2) the defendant was a previously convicted felon, and (3) the defendant possessed the loaded firearm. *See* 18 U.S.C. § 922(g). Possession can be either actual or constructive and can be proved by direct or circumstantial evidence. *See United States v. Bingham,* 81 F.3d 617 (6th Cir. 1996). " 'Constructive possession exists

when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.'" *United States v. Moreno,* 933 F.2d 362, 373 (6th Cir.1991) (quoting *United States v. Craven,* 478 F.2d 1329, 1333 (6th Cir. 1973)); *see United States v. Clemis,* 11 F.3d 597, 601 (6th Cir.1993). "Circumstantial evidence on its own can sustain a jury's verdict, and such circumstantial evidence need not remove every reasonable possibility of doubt." *United States v. Avery,* 128 F.3d 966, 971 (6th Cir.1997); *see also United States v. Townsend,* 796 F.2d 158, 161 (6th Cir.1986).

In this case, the parties stipulated that the firearm and ammunition traveled in interstate commerce and that Defendant was a convicted felon. The only element to be factually resolved was whether Defendant possessed the loaded firearm.

Here, Officer Pack testified that he found the gun under the middle of the front seat with the handle of the gun facing towards the passenger door, thereby making it more accessible to Defendant who was a passenger. Further, although Officer Pack did not disclose the make and model of the gun, Defendant denied ownership, but then admitted that his fingerprints would be found on it because he had handled it. Later, Defendant denied even knowing that it was in the car. Although the videotape, according to Officer Pack, revealed that the gun was obscured from Defendant's or a passenger's view, Defendant's admission that his fingerprints would be found on the gun suggests that Defendant knew that the gun was in the car and that Defendant once possessed the gun. Drawing inferences in the light most favorable to the Government, a reasonable jury could find that Defendant possessed the gun.

Further, Defendant's claim that Officer Pack testified that Defendant said that he did not know that the gun was in the car was simply Defendant's version of the facts, which the jury was free to disbelieve. *See Avery,* 128 F.3d at 971; *see also United States v. Ledezma,* 26 F.3d 636, 641 (6th Cir.1994).

We find that the district court properly denied Defendant's motion for judgment of acquittal.

Defendant also raises several other issues in his pro se brief. We have thoroughly reviewed them and find them to be without merit. Because we find no merit in any of Defendant's claims, we AFFIRM the judgment of the district court.

ALDRICH, District Judge. Dissenting.