UNITED STATES of America, Appellee,

v.

Ernest BRAIDLOW, Appellant.

No. 85–2377.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 8, 1986.

Decided Dec. 2, 1986.

David Freeman, Federal Public Defender, St. Louis, Mo., for appellant.

Joseph D. Mancano, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, WOLLMAN, and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

Appellant Ernest Braidlow was charged with conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He was also charged with jointly possessing, along with Robert Busch, approximately one pound of cocaine. The jury found Braidlow guilty on the conspiracy count but acquitted him on the possession charge. Braidlow alleges that the district court erred in permitting the Government to question its witnesses concerning their plea agreements and in permitting the Government to elicit from one of its witnesses the maximum penalty he could receive for an offense he had plead guilty to. Braidlow also alleges that the evidence was insufficient to support his conviction on the conspiracy charge. We affirm.

### I.

At trial, the Government elicited testimony on direct examination from a number of witnesses regarding their guilty pleas and plea agreements with the government. Both Braidlow and the second defendant

tried in this case, Fleet Wallace Maull,[1] argue that it was improper for the district court to allow this testimony to be admitted into evidence.

This court in *United States v. Hutchings*, 751 F.2d 230, 237 (8th Cir.1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 92, 88 L.Ed.2d 75 (1985), stated that:

> [T]he clear view in this circuit is that a confederate's guilty plea is admissible, even on the Government's direct examination of the witness, as evidence of the witness' credibility, or of his acknowledgment of participation in the offense. Evidence of the guilty plea cannot be used as substantive evidence of the defendant's guilt, and is properly accompanied by a cautionary instruction from the trial court so advising the jury. (citations omitted)

In that case, Hutchings argued that the trial court erred in allowing one of Hutchings' employees to testify on direct examination that he had pled guilty to aiding and abetting Hutchings in committing the crimes for which Hutchings was being tried. Hutchings asserted that this testimony prejudiced him because the jury was likely to assume that if the employee was guilty, Hutchings was also guilty. In addition, Hutchings argued that the testimony had bolstered the credibility of the witness before the witness' credibility had been brought into question. We rejected Hutching's argument, noting that this evidence was not unduly emphasized, nor referred to in the Government's closing argument, and that a limiting instruction had been given to the jury.

■ Here, the evidence of the guilty pleas and plea arrangements with the Government was not used as substance evidence of the defendants' guilt. Moreover, the evidence was not improperly emphasized, and a limiting instruction was given each time the evidence was presented. Accordingly, we find that the trial court did not err in admitting into evidence

the guilty pleas and plea agreements on the Government's direct examination.

Braidlow and Maull also object to the redirect examination of one of the Government's witnesses, Robert Busch. The colloquoy between the prosecutor and Busch went as follows:

Q: Mr. Busch, under the plea agreement that you have with the government and based upon your guilty plea, what is your understanding, sir, about what the maximum sentence is that you have subjected yourself to?

A: The maximum sentence?

Q: Yes sir.

A: I could receive life without parole.

Braidlow and Maull argue that this evidence was both irrelevant and prejudicial to the defense.

■ The scope of redirect examination is within the sound discretion of the trial court, and the trial court should be reversed only upon a showing that there was an abuse of discretion. *United States v. Taylor*, 599 F.2d 832, 839 (8th Cir.1979). The trial court does not abuse its discretion by allowing the use of evidence on redirect examination to clarify an issue that was opened up by the defense on cross-examination—even when this evidence would otherwise be inadmissible. *United States v. Womochil*, 778 F.2d 1311, 1315 (8th Cir. 1985); *United States v. Vaughn*, 486 F.2d 1318, 1321 (8th Cir.1973).

Defense counsel for both Braidlow and Maull opened up on cross-examination the extent of punishment that Busch was still exposed to. Braidlow's attorney proceeded through a litany of questions concerning the counts in Busch's indictment that had been dropped as a result of his agreement with the Government. Similarly, Maull's attorney elicited from Busch that seven counts in the indictment had been dismissed and that Busch had plead guilty to the remaining two counts.

---

1. The additional contentions of Fleet Wallace Maull are fully discussed in the companion case, *United States v. Maull*, 806 F.2d 1340 (8th Cir.1986), decided this day.

The cross-examination of Busch left a misleading impression with respect to the scope of the potential punishment that Busch might receive. Defense counsel made it appear that as a result of the plea agreement Busch had a potential exposure to something less than a life sentence. Busch, in fact, had plead guilty to the most serious charge in the indictment, on which he had the potential of receiving a life sentence without parole. Since the defense created this misleading impression, the prosecution was entitled to clarify this point.

## II.

Braidlow also argues that the evidence was insufficient to prove he participated in a conspiracy to distribute cocaine. "In reviewing challenges to the insufficiency of the evidence, we must view the evidence in the light most favorable to the Government and sustain the verdict if it is supported by substantial evidence." *United States v. Casperson*, 773 F.2d 216, 221 (8th Cir. 1985). Factual disputes are to be resolved in favor of the verdict, and the Government is entitled to the benefit of all reasonable inferences that may be drawn from the evidence. *United States v. Garcia*, 785 F.2d 214, 225 (8th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986).

Ernest Braidlow and Robert Busch had been friends since high school, and as early as 1980 Busch began selling cocaine to Braidlow. Braidlow concedes that Busch was part of an extensive conspiracy to distribute cocaine.

In 1981, Braidlow and Busch lived together at a house in St. Louis County, Missouri. During this time, Busch had as much as two pounds of cocaine out in the open at one time. Customers would periodically come by the house to buy cocaine from Busch, and Braidlow came to know many of them. Busch also fronted approximately four ounces of cocaine worth $8,000 to Braidlow in 1981. Braidlow sold some of this and consumed the rest.

Besides selling cocaine for Busch on a number of occasions, Braidlow also permitted Busch to store between ½ to ¾ kilograms of cocaine in a duffel bag at Braidlow's house during the time period that Busch and Braidlow were not living together. Braidlow was aware that Busch regularly took quantities of cocaine from this duffel bag to sell to his customers. In fact, in January 1984, Braidlow had a recorded conversation with a friend, Steven Vincel, in which he told Vincel that he knew Busch was involved in a conspiracy and that he would not cooperate with the Government by incriminating Busch.

 The evidence amply demonstrates that Braidlow had knowledge of the conspiracy to distribute cocaine. Nevertheless, mere knowledge of a conspiracy or mere association with those engaged in a conspiracy is not enough to establish that the individual participated in the conspiracy. *United States v. American Grain & Related Industries*, 763 F.2d 312, 315 (8th Cir.1985). The Government must demonstrate that the defendant affirmatively cooperated, or at least agreed to cooperate, in the object of the conspiracy. *United States v. Casperson*, 773 F.2d at 221; *United States v. Collins*, 552 F.2d 243, 245 (8th Cir.), *cert. denied*, 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977).

 We find that the evidence supports the jury's verdict that Braidlow affirmatively cooperated in the conspiracy to distribute cocaine. As earlier set forth, Braidlow sold cocaine for Busch a number of times and even aided Busch in storing some of the cocaine in Braidlow's home. Braidlow did all of this knowing that Busch was part of a narcotics conspiracy. Therefore, even though Braidlow may not have held a high position in the narcotics enterprise, he nevertheless played a role in this illicit endeavor.

The judgment of conviction is affirmed.