**UNITED STATES of America, Appellee,**

v.

**William R. DREWS, Appellant.**

**No. 88–2599.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1989.

Decided June 8, 1989.

Rehearing Denied July 3, 1989.

Gary Wenell, Sioux City, Iowa, for appellant.

Michael H. Hobart, Sioux City, Iowa, for appellee.

Before LAY, Chief Judge,
WOLLMAN and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

William R. Drews and four other defendants were charged in an eleven-count superseding indictment. The indictment charged Drews with possession of amphetamine with intent to distribute (Count 7), distribution of amphetamine (Count 8), and conspiracy to distribute methamphetamine (Count 11) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.[1] Drews was tried jointly with three of the other named defendants, and the jury found him guilty on all three counts. Drews appeals the district court's[2] judgment entered on the jury verdict. We affirm.

## I.

In early 1985, Drews moved from northwestern Iowa to Hawaii. Drews frequently returned to Iowa, however, to tend to the family farming business. The government's theory at trial was that Drews also engaged in the distribution of controlled substances during these trips to Iowa.

The principal witness against Drews at trial was Pat Carstensen. Carstensen had earlier pleaded guilty to a charge of conspiracy to distribute methamphetamine and testified at trial pursuant to a plea agreement with the government. Carstensen testified that he, Drews, and Schoenfeld had met sometime in 1985 to discuss the distribution of methamphetamine, and that between March 1985 and January 21, 1987, he had purchased methamphetamine from Drews approximately five times. He also testified that Drews came to his home late on the night of January 6, 1987, with a half pound of methamphetamine in his possession, and that Drews distributed two ounces of that quantity to him that night. Carstensen testified that he in turn sold the substance to Sharon and J.D. Bloyer the next day, January 7, 1987. Sharon Bloyer was arrested the same day when she attempted to sell the substance to James Henderson, an undercover narcotics agent.

## II.

Drews first argues that the district court erred in admitting into evidence the substance Bloyer attempted to sell to Henderson—14.94 grams of amphetamine. He argues that because of inconsistencies in the evidence, the government failed to establish that the substance admitted into evidence was the same substance allegedly possessed and distributed by Drews on January 6, 1987.

We will reverse a district court's ruling concerning the admissibility of evidence only upon a showing that a clear abuse of discretion has occurred. *United States v. Mays*, 822 F.2d 793, 796 (8th Cir.1987). Federal Rule of Evidence 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to

---

1. The indictment's other counts are described in *United States v. Schoenfeld*, 867 F.2d 1059, 1060 & n. 1 (8th Cir.1989) (per curiam), wherein we considered the appeal of Drews' codefendant, Gary Schoenfeld.

2. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Northern District of Iowa.

**12**

admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The evidence, although not entirely consistent, was sufficient to support a finding that the exhibit was what the government claimed—amphetamine possessed and distributed by Drews on January 6, 1987. The district court thus did not abuse its discretion in admitting it.

### III.

■ Drews next contends that the district court erred in admitting into evidence Carstensen's and Bloyer's written plea agreements. In this circuit, a confederate's guilty plea or plea agreement is admissible on the government's direct examination of the witness as evidence of the witness' credibility or of his acknowledgement of participation in the offense. *United States v. Braidlow,* 806 F.2d 781, 783 (8th Cir.1986); *United States v. Hutchings,* 751 F.2d 230, 237 (8th Cir.1984), *cert. denied,* 474 U.S. 829, 106 S.Ct. 92, 88 L.Ed.2d 75 (1985). Drews argues that the agreements unfairly bolstered the witnesses' credibility because their terms required Carstensen and Bloyer to testify truthfully. However,

> [w]hile the existence of a plea agreement may support the witness' credibility by showing his or her interest in testifying truthfully, the plea agreement may also impeach the witness' credibility by showing his or her interest in testifying as the government wishes regardless of the truth. Introduction of the entire plea agreement permits the jury to consider fully the possible conflicting motivations underlying the witness' testimony and, thus, enables the jury to more accurately assess the witness' credibility.

*United States v. Townsend,* 796 F.2d 158, 163 (6th Cir.1986) (citations omitted); *see also United States v. Mealy,* 851 F.2d 890, 899 (7th Cir.1988).

Furthermore, the district court instructed the jurors to give Carstensen's and Bloyer's testimony such weight as they thought it deserved, taking into account whether the witnesses' testimony may have

been influenced by a desire to please the government. The court also instructed the jurors that the witnesses' guilty pleas could be used only in determining what weight to give their testimony, not as evidence of the defendant's guilt. *See Braidlow,* 806 F.2d at 783. Finally, the government did not suggest or imply that it had independently verified the witnesses' testimony. *See United States v. Leslie,* 759 F.2d 366, 378 (5th Cir.1985), *aff'd on other grounds,* 783 F.2d 541, 542 n. 1 (5th Cir. 1986) (en banc), *remanded on other grounds,* 479 U.S. 1074, 107 S.Ct. 1267, 94 L.Ed.2d 128 (1987). Accordingly, we conclude that the district court did not abuse its discretion in admitting into evidence Carstensen's and Bloyer's plea agreements.

### IV.

■ Drews next asserts that the district court erred in refusing to specifically instruct the jury that the testimony of an accomplice and testimony given pursuant to a plea bargain should be considered with greater care and caution than the testimony of an ordinary witness.

This court has held that "no 'absolute and mandatory duty is imposed upon the court to advise the jury by instruction that they should consider the testimony of an uncorroborated accomplice with caution.'" *United States v. Shriver,* 838 F.2d 980, 983 (8th Cir.1988) (quoting *Esters v. United States,* 260 F.2d 393, 397 (8th Cir.1958)); *see also Schoenfeld,* 867 F.2d at 1062. The district court's instructions drew the jurors' attention to the various factors impinging upon Carstensen's credibility as a witness, instructed them to give Carstensen's testimony such weight as they thought it deserved, and advised them that a witness' guilty plea could not be considered by them as evidence of Drews' guilt. *See Shriver,* 838 F.2d at 983; *United States v. Ridinger,* 805 F.2d 818, 821 (8th Cir.1986); *United States v. Bowman,* 798 F.2d 333, 336 (8th Cir.1986), *cert. denied,* 479 U.S. 1043, 107 S.Ct. 906, 93 L.Ed.2d 856 (1987).

Furthermore, this court has held that a cautionary instruction is not required where additional evidence is presented that

corroborates the accomplice's testimony. *See United States v. McGinnis,* 783 F.2d 755, 758 (8th Cir.1986). The corroborating evidence may be circumstantial and "need only tend to link the defendant with the crime and may be of little weight when taken alone." *Shriver,* 838 F.2d at 984. Airline records and rental car receipts evidenced Drews' presence in Iowa at the times testified to by Carstensen. Mrs. Carstensen and Drews himself testified that he came to and left the Carstensen residence as alleged by Pat Carstensen. These facts tended to link Drews to the crime as described by Carstensen. Accordingly, we conclude that the district court's instructions adequately informed the jury as to its role and responsibility in assessing Carstensen's credibility.

### V.

Finally, Drews argues that the evidence was insufficient to convict him. In evaluating the sufficiency of the evidence supporting a jury verdict, we view the evidence in the light most favorable to the government, giving the government the benefit of all inferences that reasonably may be drawn from the evidence. *United States v. Kouba,* 822 F.2d 768, 773 (8th Cir.1987). We will not reverse a jury verdict if there is substantial evidence to support it. *Id.* Accomplice testimony is sufficient to support a conviction when it is not incredible or insubstantial on its face. *United States v. Moeckly,* 769 F.2d 453, 463 (8th Cir.1985), *cert. denied sub nom., Ramirez v. United States,* 475 U.S. 1015, 106 S.Ct. 1196, 89 L.Ed.2d 311 (1986). We have carefully reviewed the record and conclude that there was sufficient evidence to establish the violations.

We affirm the district court's judgment of guilty on all three counts.