**UNITED STATES of America, Appellee,**

v.

**Steven Lee STARCEVIC, Appellant.**

**No. 91–1662.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Feb. 6, 1992.

Rehearing Denied March 13, 1992.

---

Don C. Nickerson, Des Moines, Iowa, for appellant.

Ronald M. Kayser, Des Moines, Iowa, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGNUSON,* District Judge.

HENLEY, Senior Circuit Judge.

Steven Lee Starcevic appeals his conviction on two counts of perjury, both alleged violations of 18 U.S.C. § 1623 (1990), for lying under oath at his own drug conviction sentencing hearing and at the trial of a fellow drug distributor. Appellant was previously convicted of participating in a drug conspiracy and of possessing drugs with the intent to distribute them. He was sentenced to thirty months in prison for the drug offenses. The court[1] sentenced appellant to concurrent forty-one month sentences on each perjury conviction, to run consecutively with the drug conviction sentences, two years of supervised release, and a $100.00 special assessment.

Appellant generally complains that the evidence presented against him was not believable and thus legally insufficient to

---

* The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

support a conviction. Appellant also raises the somewhat novel argument that jury instruction 16, containing the text of one of the allegedly false statements, permitted the jury to conclude he was guilty of perjury based on a part of the statement that was not charged or argued to be untruthful. Despite appellant's well reasoned arguments, we cannot conclude that the evidence was insufficient or that the instruction misled the jury. Therefore, we affirm.

## FACTS

When reviewing a defendant's claim of insufficient evidence, we must view the facts in the light most favorable to the government, giving it the benefit of all reasonable inferences that might be drawn from the evidence. *United States v. Drews*, 877 F.2d 10, 13 (8th Cir.1989). Appellant was first convicted of the drug charges. As part of the case against him, evidence of transactions involving other drug dealers was presented. Some of the dealers eventually testified against appellant at his perjury trial. Appellant was convicted of conspiracy to distribute and possession with intent to distribute cocaine. At his sentencing hearing appellant was asked if he had ever bought drugs from Earl Schnepper. Appellant stated he had not. Appellant stated that even if Schnepper said otherwise, he would deny it.

Later, at Schnepper's trial, both Schnepper and the appellant denied that Schnepper had sold any drugs to appellant. The jury could not reach a verdict and a mistrial was declared. The government refiled the case, and this time Schnepper pleaded guilty and entered into a plea agreement. At Schnepper's sentencing hearing he recanted his first trial testimony and admitted that he had sold cocaine to appellant on four occasions. He reiterated this same statement at a subsequent grand jury proceeding in another matter.

The government then filed charges against appellant alleging the two instances of perjury. At the perjury trial, in addition to Schnepper, three other witnesses allegedly involved in the drug trade with Schnepper and appellant testified: Eric Weller, David Moteff, and Denise Quimby.

Although their testimony was at times ambiguous, sometimes inconsistent, and contained some gaps in recollection, the thrust of the overall testimony was that the witnesses were involved in drug transactions and had contact with Schnepper and/or appellant in that context. Only Schnepper testified first hand that appellant purchased drugs from Schnepper. Each witness had one or more circumstances that impacted on credibility: prior convictions, testifying with immunity, or testifying under a plea agreement. These circumstances were brought to the jury's attention.

The jury was instructed on several special matters. The jury was charged with the duty to decide what testimony to believe and determine what facts were true. This instruction specifically advised the jury to consider motives, reasonableness and consistency. The jury was reminded of the impeachment evidence and was charged with the duty of weighing contradictory or suspect evidence. The jury was also instructed to consider corroborating evidence. Instructions 15 and 16 contained the text of the two false statements followed by the elements of perjury in issue: (1) falsity in whole or in part and (2) knowledge.

The jury returned a verdict of guilty on both counts. Appellant moved for a judgment of acquittal and the court denied the motion. The appellant now argues general insufficiency of the evidence, biased witnesses, conflicting testimony, and insufficiency of Schnepper's lone testimony about the drug sales. Appellant also argues in his reply brief that Jury Instruction 16 was a constructive amendment to the indictment and may have misled the jury.

## SUFFICIENCY OF THE EVIDENCE

Appellant argued the sufficiency of the evidence in his motion for judgment of an acquittal. When reviewing the denial of a motion for judgment of an acquittal we will reverse for insufficient evidence only "if the evidence is such that reasonably-minded jurors must have a reasonable doubt as to the existence" of one or more essential elements of the charged offense. *United*

*States v. Powell,* 853 F.2d 601, 604 (8th Cir.1988). As appellant acknowledges, this is a difficult standard to meet; from our review of the record, appellant does not meet his burden.

Appellant supports his general argument with allegations of witness bias, lack of credibility, and conflicting testimony. The jury was made aware of all the witnesses' "skeletons." Relevant prior convictions, grants of immunity, and the existence of plea agreements were disclosed. Generally, plea agreements and the like are relevant to impeachability, not admissibility. *See United States v. Payne,* 940 F.2d 286, 292 (8th Cir.) (plea agreement precisely the sort of thing to affect weight of testimony, not its admissibility), *cert. denied,* —— U.S. ——, 112 S.Ct. 616, 116 L.Ed.2d 638 (1991); *United States v. Moeckly,* 769 F.2d 453, 462 (8th Cir.1985) (plea agreement not basis for excluding testimony but for impeaching it), *cert. denied,* 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986).

Although there may be cases where testimony is unbelievable or incredible, or where a plea agreement is so coercive that a witness's testimony cannot be believed as a matter of law, *see United States v. Waterman,* 732 F.2d 1527 (8th Cir.) (coercive plea agreement), *cert. denied,* 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985), such is not the case here. Even though many of the witnesses had a vested interest in testifying against appellant, the jury knew this and was able to, and instructed to, consider such circumstances. Issues of believability, credibility, and disputed fact selection are generally best left to the jury. *Bachman v. Leapley,* 953 F.2d 440, 441 (8th Cir.1992) (witness believability is an issue for the jury); *Payne,* 940 F.2d at 291.

Furthermore, while some of the testimony appears to be somewhat inconsistent, the government has suggested several plausible explanations for the differences. In many instances witnesses merely omitted facts or observed events at different times. Also, none of the conflicting statements suggest to us that the essence of the testimony is untrue: that the witnesses were involved with drug trafficking that included dealings with Schnepper and/or appellant.

Appellant also argues specifically that Schnepper's testimony about the four drug sales is insufficient. The specific basis for the perjury charge is appellant's statements that he did not purchase drugs from Schnepper, *not* that he did not purchase any drugs from anyone. Therefore, the testimony of the other three witnesses goes more to the general issue of drug trafficking, the existence of some relationship between Schnepper and appellant, and corroboration of direct evidence against appellant by permitting a logical inference that the drug sales took place. The only direct testimonial evidence is Schnepper's testimony. Since Schnepper had already "perjured" himself at his own trial and had much to gain by lying at appellant's trial, appellant suggests the testimony is unbelievable.

■■■ In this case, the issue was properly before the jury. An accomplice's testimony alone may be sufficient to convict if it is not incredible or insubstantial on its face. *Drews,* 877 F.2d at 13; *Moeckly,* 769 F.2d at 463. This may include both corroborated and uncorroborated testimony. *Drews,* 877 F.2d at 13 ("corroborating evidence may be circumstantial and 'need only tend to link the defendant with the crime and may be of little weight when taken alone' (citations omitted)"); *United States v. Anderson,* 654 F.2d 1264, 1270 (8th Cir.) (conviction can properly rest on uncorroborated testimony of accomplice), *cert. denied,* 454 U.S. 1127, 102 S.Ct. 978, 71 L.Ed.2d 115 (1981). Schnepper's testimony was not incredible or insubstantial on its face; he related the details, though sometimes approximate, of four different sales including dates, locations, surroundings and quantities. The other witnesses provided corroborating information which tended to "link" appellant to the crime, including events relating to three of the four sales, and also connected appellant to Schnepper.

Therefore, we cannot conclude that the district court erred in denying the motion

for judgment of acquittal. Also, we cannot say that the evidence was legally insufficient to convict appellant of perjury.

## JURY INSTRUCTIONS

The indictment focused on two alleged false statements about purchasing drugs. Instruction 16 contained the text of the alleged false statement from Schnepper's trial and the two elements of perjury in issue. The first part of the statement does not deal, however, with a drug purchase but with the question whether Schnepper was involved with appellant's drug trial.

Appellant's principal complaint about the jury instruction is that it may have constructively amended the indictment and misled the jury. Appellant argues that since the jury could convict him if "part or all" of the statement were false, then (1) the instruction varies from the indictment and (2) a precise reading of Instruction 16 would permit the jury to convict appellant of perjury if it concluded, incorrectly, that the evidence proved that appellant had lied about Schnepper's involvement in appellant's drug trial.

■ Appellant's first contention is without merit. The jury instruction did not constructively amend the indictment, was not at variance with it, and charged the same basic offense as the indictment. *See United States v. Begnaud*, 783 F.2d 144, 147–48 (8th Cir.1986) (instruction not precise in every regard, but instruction contained the "gist of the offense"). Appellant objected to the instruction at trial and the district court concluded the instruction was not actually misleading in the context of the case presented. Also, the evidence presented and the government's theory of prosecution focused on the falsity of statements regarding the purchase of drugs, not whether Schnepper had anything to do with appellant's drug trial. Thus, a variance in the evidence did not result in a constructive amendment to the indictment. *See United States v. Yeo*, 739 F.2d 385, 387 (8th Cir. 1984) (variance may be constructive amendment).

■ Appellant's second contention is more troubling. His argument boils down to this: if the jury disbelieved the true part of the statement but believed the alleged false part, the conviction should be overturned for insufficient evidence. If the first part of the appellant's statement had been argued as a basis for conviction, and if there was disputed but insufficient evidence presented relating to the statement, then we would have no way of knowing which "part" of the statement the jury found to be false. This would raise the possibility of prejudice. Also, if we had concluded that there was a variance, that the indictment had been amended, or that there had been some question during the perjury trial about whether Schnepper was involved in appellant's drug trial, appellant's argument would be very compelling.

However, Schnepper's involvement in appellant's drug case was not at issue. There was no dispute about it. No evidence was offered bringing the matter into question. The evidence clearly showed that Schnepper was not involved in any court proceeding related to appellant until *after* appellant's drug trial. The government's case focused solely on the falsity of appellant's statements regarding drug purchases from Schnepper. The first part of the statement merely put the perjury more into context.

Also, Instruction 15, which related to the false statement made at appellant's sentencing, did not contain any extraneous statements about matters other than drug sales. It immediately preceded the criticized instruction and focused the jury solely on the gravamen of the offense charged: whether appellant lied about purchasing drugs from Schnepper. In the context of this and all the other instructions, and in light of the evidence presented, we cannot say the jury ignored the focal issue of the charge, dissected the statement and instructive elements of Instruction 16 as suggested by appellant, and reached an erroneous conclusion.

In theory, the argument made by appellant could be made any time a defendant makes a statement that is partially true and the jury instruction contains the full text of the statement. In a different case the unnecessary inclusion of an undisputed

part of an allegedly false statement in the jury instructions could create a variance, amend the indictment, or otherwise cause prejudice. We cannot say that Instruction 16 caused such prejudicial error. *See Mattingly v. United States*, 924 F.2d 785, 792 (8th Cir.1991) (defendant not prejudiced by instruction and jury presented with sufficient evidence to reach same result for proper reason).

As indicated, appellant's convictions on both counts are affirmed.