26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Keith Darnell SIMMONS, Appellant.
 No. 93-1604.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1994.
Filed: May 20, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The government charged Simmons with conspiracy to distribute cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. After two days of trial, the jury returned a guilty verdict. The court subsequently sentenced Simmons to 188 months imprisonment and five years supervised release, and he appealed. Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel has filed a brief raising alleged errors in the pretrial, trial, and sentencing proceedings. We affirm.
 
 
 2
 The Anders brief first argues that the district court[1] erred in failing to grant his motion to suppress certain post-arrest statements he made to an FBI agent. We conclude the district court did not clearly err in denying the motion to suppress. See United
 
 
 3
 States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990) (standard of review), cert. denied, 112 S. Ct. 101 (1991). At the suppression hearing the agent testified that, before Simmons made the statements in question, the agent read aloud a standard form containing the Miranda rights while Simmons read along; the agent also testified that he believed Simmons understood his rights, and that Simmons signed the form. The signed form was introduced into evidence. See id. (arresting officers' testimony that defendant was given Miranda warning, and a signed Miranda waiver form, together constitute substantial evidence supporting denial of motion to suppress). We reject any argument that Simmons's confession was involuntary. See id. Although Simmons testified that the agent urged him to "save" himself, he denied that the agent threatened him.
 
 
 4
 Next, the Anders brief argues that the court erred in refusing to let Simmons plead guilty. After the close of evidence, defense counsel told the court Simmons wanted to accept the government's plea offer. The district court told counsel that the jury-which had been kept waiting for other reasons-had waited long enough, and that the court would take Simmons's guilty plea after closing arguments when the jury had retired. We do not believe the district court abused its discretion, and Simmons cannot show he was prejudiced: among other things, after closing arguments, he no longer wanted to plead guilty.
 
 
 5
 The Anders brief argues further that a coconspirator's testimony was not sufficiently corroborated (only one of the government's witnesses was named in Simmons's indictment). Simmons did not object to testimony on that basis, however, and we do not believe the court committed plain error. See United States v. Roenigk, 810 F.2d 809, 815 (8th Cir. 1987). In any event, the more incriminating evidence came from other witnesses and Simmons's confession. We believe sufficient evidence thus supported Simmons's conviction without his indicted coconspirator's testimony, and that any error in admitting the testimony was harmless. We also review for plain error Simmons's argument that certain testimony against him was inadmissible because it was required under the witnesses' plea agreements. The plea agreements were admitted into evidence, however, and the jury was given cautionary instructions. See United States v. Starcevic, 956 F.2d 181, 184 (8th Cir. 1992) (existence of plea agreements affects credibility rather than admissibility of witnesses' testimony).
 
 
 6
 We do not address the claim of ineffective assistance of counsel raised in the Anders brief; ineffective-assistance claims should be raised in a proceeding under 28 U.S.C. Sec. 2255 where the record can be appropriately developed. See United States v. Thomas, 992 F.2d 201, 204 (8th Cir. 1993). We also reject the claim that sentencing error occurred: the district court sustained Simmons's objections to drug quantity and to a sentencing enhancement for obstruction of justice. The court then sentenced Simmons at the bottom of the applicable range. Although the court did not grant an acceptance-of-responsibility reduction, we see no clear error in its refusal to do so. See United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2353 (1993).
 
 
 7
 Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE R. E. LONGSTAFF, United States District Judge for the Southern District of Iowa