**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kathy A. SHELTON, Defendant–Appellant.**

**No. 93–3839.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1994.

Decided Sept. 29, 1994.

Job Serebrov, Fayetteville, AR, for appellant.

Charles E. Smith, Fort Smith, AR, for appellee.

Before HANSEN, Circuit Judge, HEANEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

PER CURIAM.

Kathy Shelton was convicted by a jury of mail fraud under 18 U.S.C. § 1341 and aiding and abetting mail fraud under 18 U.S.C. § 2. Shelton was a participant in a "staged" automobile accident which was conducted for the purpose of fraudulently procuring automobile insurance benefits. Shelton's vehicle was struck from the rear by a rental car driven by another participant in the automobile accident scheme. After Shelton was allegedly injured in the accident, David Post, an attorney, sent a letter to the rental car's insurance company on Shelton's behalf, informing the company of Post's representation of Shelton as well as the basis for Shelton's claims.

On appeal Shelton contends that the district court [1] erred in failing to grant her motion to dismiss at the conclusion of the government's evidence and again at the conclusion of her evidence. First, Shelton claims that there is insufficient evidence that an attorney-client relationship existed between her and Post. Shelton reasons that

---

1. The Honorable H. Franklin Waters, Chief United States District Judge for the Western District of Arkansas.

absent this relationship, Post had no authority to send the letter to the insurance company, which is the mailing upon which Shelton's conviction is based. However, the government correctly notes that the existence of an attorney-client relationship is not a required element under the mail fraud statute contained in 18 U.S.C. § 1341. "To establish mail fraud, the government must prove the existence of a plan or scheme to defraud, that it was foreseeable that the scheme would cause the mails to be used, and that the use of the mails was for the purpose of carrying out the fraudulent scheme." *United States v. Goodman*, 984 F.2d 235, 237 (8th Cir.1993). We construe the essence of Shelton's claim to be an attack on the sufficiency of the evidence. After carefully reviewing the record, construing the evidence in the light most favorable to the government and granting it all favorable inferences therein, we believe the jury could have found Shelton guilty of the crime of mail fraud under § 1341 beyond a reasonable doubt. *See United States v. McCormick*, 29 F.3d 352, 354 (8th Cir.1994).

■ Second, Shelton contends that the evidence in the record is insufficient to sustain her conviction because several of the government's witnesses provided allegedly conflicting and incredible testimony. Determinations concerning the credibility of witnesses and the resolution of disputed factual questions are generally matters for the fact-finder, in this case the jury. *See United States v. Starcevic*, 956 F.2d 181, 184 (8th Cir.1992). Again, construing the evidence in the light most favorable to the government, sufficient evidence exists to support the jury's determinations. *See McCormick*, 29 F.3d at 354. Therefore, we affirm Shelton's conviction.