United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 95-2851
_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   Western District of Missouri.
Bruce A. Banks, also known as Bee,            *        [UNPUBLISHED]
                                              *
            Appellant.                        *

_____

Submitted:  December 3, 1997

Filed:   December 12, 1997
_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


      Bruce A. Banks was charged in a four-count superseding indictment with conspiring to distribute cocaine base ("crack"), cocaine, and marijuana, from January 1994 to August 1994, in violation of 21 U.S.C. §§ 841 and 846; with aiding and abetting an August 11, 1994, attempt to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2; with aiding and abetting an August 11, 1994, attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2; and with aiding and abetting the

August 11, 1994, use of a communication facility to facilitate the commission of a drug crime, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. A jury found Banks guilty on all counts, and the district court[1] sentenced him to 235 months' imprisonment and five years' supervised release. Banks appeals his conviction and sentence, and we affirm.

We conclude that the evidence, viewed in the light most favorable to the government, was sufficient to support Banks's conviction on the conspiracy charge. See United States v. Cunningham, 83 F.3d 218, 222 (8th Cir. 1996) (standard of review). The testimony of Banks's co-conspirator--whose credibility was a matter for the jury--established that Banks affirmatively cooperated in the object of the conspiracy from January 1994 to August 1994. See United States v. Jackson, 959 F.2d 81, 82 (8th Cir.), cert. denied, 506 U.S. 852 (1992); United States v. Braidlow, 806 F.2d 781, 784 (8th Cir. 1986).

As to Banks's sentence, the district court did not commit clear error in finding another co-conspirator's April 27 sale of crack and marijuana to an undercover detective was reasonably foreseeable to Banks as within the scope of his agreement with his co-conspirators. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (1995); United States v. Ortiz, 125 F.3d 630, 634 (8th Cir. 1997). In addition, there was uncontradicted evidence at trial establishing that the cocaine base involved was crack. We further conclude that the district court's finding that Banks was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," see U.S. Sentencing Guidelines Manual § 3B1.1(a) (1995), was not clearly erroneous. See United States v. Maxwell, 25 F.3d 1389, 1399-1400 (8th Cir.), cert. denied, 115 S. Ct. 610 (1994); United States v. Roberts, 953 F.2d 351, 354

---

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

(8th Cir.) (sentencing court entitled to rely on evidence presented at trial), <u>cert. denied</u>, 505 U.S. 1210 (1992).

Last, contrary to Banks's view, the record demonstrates that he was arraigned on both the original and superseding indictments.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.