**Babatunde Sunday ADESIJI, Appellant,**

v.

**STATE OF MINNESOTA, Appellee.**

No. 87–5527.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 4, 1988.

Decided Aug. 15, 1988.

Douglas B. Altman, Minneapolis, Minn., for appellant.

Beverly J. Wolfe, Minneapolis, Minn., for appellee.

Before ARNOLD, FAGG, and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Babatunde Sunday Adesiji appeals from the order of the District Court[1] denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. Adesiji claimed that the state court trial resulting in his conviction of intrafamilial sexual abuse was tainted by improper expert testimony, erroneous jury instructions, and prosecutorial misconduct. The District Court adopted the report and recommendation of the magistrate,[2] concluding that none of the asserted trial errors deprived Adesiji of his rights under the Constitution, and denied habeas relief. We affirm.

In February 1984 Adesiji was charged with two counts of intrafamilial sexual abuse involving his pre-teenaged stepdaughter. *See* Minn.Stat. § 609.3641, subd. 1(1), 1(2)(e) (repealed 1985). A jury found Adesiji guilty of both counts. The

---

1. The Hon. Robert G. Renner, United States District Judge for the District of Minnesota.

2. The Hon. J. Earl Cudd, United States Magistrate for the District of Minnesota.

trial court sentenced Adesiji to 43 months in prison on Count I, but imposed no sentence on Count II because the convictions arose from a single incident. Adesiji's petition for post-conviction relief was denied, and he appealed to the Minnesota Court of Appeals. The appellate court reversed Adesiji's conviction on Count II because the jury instructions on that count might have confused the jurors as to the requirement of proof beyond a reasonable doubt. *See Adesiji v. State,* 384 N.W.2d 908, 909–10 (Minn.App.1986). The appellate court otherwise affirmed Adesiji's conviction. *Id.* at 913. After the Minnesota Supreme Court denied his petition for review, Adesiji filed the instant petition for habeas corpus relief in federal district court.

Adesiji's first asserted ground for habeas relief stems from the testimony of Dr. Susan Phipps–Yonas, a clinical psychologist whose practice consisted largely of children and families dealing with sexual abuse. In response to the prosecutor's question about patterns in the way children report sexual abuse, Dr. Phipps–Yonas stated: "I would say that generally it is believed that it is extremely rare for children to make up or make a false accusation." She also said, "what children will, in effect, lie about is that they will deny abuse that they have indeed experienced, rather than lying about saying that they have been abused, when as a matter of fact, they have not been abused." The testimony was admitted over the objection of Adesiji's counsel.

Dr. Phipps–Yonas stated that she had not interviewed Adesiji's stepdaughter, and made no reference to that particular child's truthfulness. Adesiji claims, however, that this expert testimony bearing on credibility in general invaded the province of the jury and denied him a fair trial.

Relying on *United States v. Azure,* 801 F.2d 336, 340–41 (8th Cir.1986) (expert opinion on truthfulness of particular child abuse victim invaded province of jury in federal criminal trial), the District Court concluded that admission of the challenged testimony would have constituted reversible error in a federal criminal trial. The Court found, however, that the evidence did not so infect the jury deliberations as to violate the Constitution because it was mentioned only briefly and not brought up again, there was other evidence that the child had suffered abuse, and the state court had instructed the jurors that they were the sole judges of the truthfulness of witnesses.

The principal issue in this appeal is whether the state's use of Dr. Phipps–Yonas's expert testimony denied Adesiji due process. Adesiji argues that the District Court correctly concluded that the expert testimony was improperly admitted, but failed to gauge properly the unfairness stemming from this trial error. Adesiji maintains that the magistrate overlooked the prosecutor's closing remark that "[k]ids do not lie about this," and that this remark underscored the assertedly improper expert testimony. The state responds that the testimony was not improper, because it was offered to rebut defense testimony that the child had denied abuse during a medical examination, and the expert did not purport to have an opinion as to the truthfulness of the particular child in this case. The state also contends that, even if improper, the testimony did not deprive Adesiji of fundamental fairness in his trial.

We need not consider whether the expert testimony on general patterns of credibility among children reporting sexual abuse was proper in this state-court trial. This is essentially a matter of state law. "[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." *Wainwright v. Goode,* 464 U.S. 78, 83, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983) (per curiam). A habeas petitioner is required to show that admission of the allegedly improper evidence "was so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived him of fundamental fairness." *Manning–El v. Wyrick,* 738 F.2d 321, 323 (8th Cir.) (per curiam), *cert. denied,* 469 U.S. 919, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984). The task of this Court is to review all the facts in the case and analyze the fairness of the particular trial at issue. *Id.*

We have carefully reviewed the transcript of Adesiji's trial. The child described the sexual contact with her step-father to the jury, and her cousin and grandmother testified that the child told them that Adesiji had abused her. Medical tests on the child were not conclusive, but Phipps–Yonas testified about the characteristics of abused children, and it was evident that the child shared some of these characteristics.

Given the testimony of the victim and other witnesses, and the court's charge to the jury that it was the sole judge of the credibility of witnesses, we do not believe that Adesiji has carried his burden of showing that the trial was fundamentally unfair. We cannot say the challenged testimony prevented the jury from weighing the evidence fairly. *Cf. Daniels v. Wood,* 819 F.2d 195, 197 (8th Cir.) (challenge to fundamental fairness of prosecutor's conduct), *cert. denied,* —— U.S. ——, 108 S.Ct. 177, 98 L.Ed.2d 131 (1987).

Similarly, we find no defect of constitutional significance in Adesiji's other claims of error. *See Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed. 2d 560 (1979) (challenge to sufficiency of the evidence in a habeas proceeding requires showing that, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof of guilt beyond a reasonable doubt); *Berrisford v. Wood,* 826 F.2d 747, 752 (8th Cir.1987) (improper jury instructions do not warrant habeas relief absent "complete miscarriage of justice" or denial of fair trial), *cert. denied,* —— U.S. ——, 108 S.Ct. 722, 98 L.Ed.2d 671 (1988). We have considered each of Adesiji's claims, and agree with the District Court that they present no grounds for habeas relief.

Accordingly, the order of the District Court is affirmed.