**David Jerome BACHMAN, Appellant,**

v.

**Walter LEAPLEY, Warden, South Dakota State Penitentiary, Appellee.**

No. 91–1124.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1991.

Decided Jan. 9, 1992.

Scott Gregory Hoy, Sioux Falls, S.D., argued, for appellant.

Wade Allen Hubbard, Pierre, S.D., argued, for appellee.

Before McMILLIAN, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

This is a habeas case. 28 U.S.C. § 2254 (1990). Appellant was convicted in South Dakota on two charges of rape and two charges of sexual contact. The victims were the two young children of the female with whom appellant was cohabiting without the benefit of marriage. The court sentenced appellant to fifteen years on each of the sexual contact convictions, twenty-five years on one of the rape convictions, and life on the other rape conviction.

Appellant requested relief from his convictions and sentence in a direct appeal to the South Dakota Supreme Court but was denied. *State v. Bachman,* 446 N.W.2d 271 (S.D.1989). Appellant then filed the instant action in the federal district court.

The magistrate judge [1] found that no relief was warranted and the district court [2] adopted his recommendation and denied relief. Appellant argues that he was denied a fair trial because: (1) an expert testified as to the truth of the victims' statements, (2) the jury was not instructed as to the mutual exclusivity of the rape and sexual contact charges, (3) prejudicial evidence regarding a prior theft conviction was admitted over objection, (4) the prosecution was allowed to examine appellant regarding matters of attorney-client privilege, and (5) the life sentence amounts to cruel and unusual punishment. We affirm.

EXPERT TESTIMONY

The most significant question raised by appellant is whether the trial court erred in allowing the government's expert to testify as to the credibility of the victims' statements about the conduct of the defendant. *See United States v. Azure,* 801 F.2d 336 (8th Cir.1986). It is the exclusive province of the jury to determine the believability of the witness. *United States v. St. Pierre,* 812 F.2d 417, 419 (8th Cir.1987). An expert is not permitted to offer an opinion as to the believability or truthfulness of a victim's story. *United States v. Spotted War Bonnett,* 882 F.2d 1360, 1362 (8th Cir.1989), *rev'd on other grounds,* —— U.S. ——, 110 S.Ct. 3267, 111 L.Ed.2d 777 (1990). If such testimony is admitted, we must decide whether the wrong is of a constitutional dimension; that is, whether it is so prejudicial as to be fundamentally unfair, thus denying the defendant a fair trial. *Adesiji v. State,* 854 F.2d 299, 300 (8th Cir.1988), *cert. denied,* 489 U.S. 1031, 109 S.Ct. 1168, 103 L.Ed.2d 226 (1989).

In his review and recommendation, the magistrate evaluated the expert psychiatric and psychological testimony in question and quoted the relevant portion of the transcript. We have reviewed these excerpts in the context of the other evidence and testimony presented at trial and do not conclude that the testimony resulted in an invasion of the exclusive province of the jury as fact finder. In sum, the witnesses testified that the victims' mental states fell within a normal range, that their behavior was consistent with that of other victims of sexual abuse, that the reported dreams and flash-back memories were consistent with actually experiencing a traumatic event, and that the victims' stories were corroborative of subsequent testimony.

The South Dakota Supreme Court concluded that it was not an abuse of discretion for the trial judge to admit the testimony. *Bachman,* 446 N.W.2d at 275. The court observed that the decision to admit such testimony is left to the sound discretion of the trial judge and the determining factor in such admission is "whether it would assist the jury in understanding matters that normally would not lie within a layman's breadth of knowledge." *Id.* Accord *Arcoren v. United States,* 929 F.2d 1235, 1239–40 (8th Cir.) (Fed.R.Evid. 702 is broad enough to embrace the admission of psychiatric and psychological testimony regarding "mental aberrations in human behavior" if it is relevant to the determination of a material issue of fact), *cert. denied,* —— U.S. ——, 112 S.Ct. 312, 116 L.Ed.2d 255 (1991); *Azure,* 801 F.2d at 340 (abuse of discretion standard).

The South Dakota Supreme Court found appellant's case distinguishable from its previous decisions disallowing this type of testimony. Those decisions hinged on the lack of expert qualifications and violations of the Ultimate Fact Doctrine where expert testimony "lent a stamp of undue legitimacy" to the victim's testimony. *Bachman,* 446 N.W.2d at 275–76 (distinguishing cases involving questionably qualified experts, a

---

1. The Honorable F. Thomas Parker, United States Magistrate Judge, District of South Dakota.

2. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

social worker's testimony as to the fact the victim and defendant had sex, and testimony as to the fact a rape actually occurred). These South Dakota cases are consistent with our decision in *Azure*, 801 F.2d at 1363 (jury role is usurped if expert testimony places an improper stamp of believability on the victim's testimony about the defendant's conduct). The court also noted that an explicit jury instruction was given stating that the jury was the sole judge of credibility and that it was not bound to accept the doctors' opinions. *Bachman*, 446 N.W.2d at 275.

We note two other recent decisions of the South Dakota Supreme Court that continue to apply the principles articulated in *Bachman*. *See State v. Hill*, 463 N.W.2d 674 (S.D.1990) (in assault case, expert testimony admissible if subject lies beyond the knowledge and experience of the average layman and does not invade province of jury by expressing conclusion as to ultimate issue); *State v. Spaans*, 455 N.W.2d 596 (S.D.1990) (psychologist's testimony regarding general behavioral characteristics of abused children and characteristics exhibited by victim is admissible). Although there appears to be some disagreement in South Dakota on when expert testimony crosses the line (there were two dissenters in *Bachman* and one in *Spaans*), the South Dakota Supreme Court appears to consistently apply the general principles on a case-by-case basis in the same manner as in *Bachman*.

The magistrate judge undertook an independent review of the South Dakota authority cited by appellant, as well as a review of trends in the area of admission of expert testimony on rape trauma syndrome. He found, as did the South Dakota Supreme Court, that the other authority was distinguishable and concluded that the expert testimony was relevant to a material, disputed factual issue. Based on these findings, he concluded that the "admission of the expert testimony in the instant case does not offend any constitutional principles." The district court agreed and adopted the findings and conclusions of the magistrate judge.

We see no error in the factual or legal findings of the South Dakota Supreme Court or the federal district court based on our independent review of the record and case authorities. In our own cases we have granted some degree of latitude in the admission of expert testimony in rape and sexual abuse cases, especially involving child victims. For example, we have permitted testimony showing that the linking of discrete events and the occurrence of memory triggers are consistent with a victim's claim of sexual abuse. *United States v. Provost*, 875 F.2d 172, 176 (8th Cir.), *cert. denied*, 493 U.S. 859, 110 S.Ct. 170, 107 L.Ed.2d 127 (1989). We found harmless error in another case where there was expert testimony stating an opinion on an immaterial issue of fact that was not brought up again and was in the context of other evidence and testimony regarding rape. *Adesiji*, 854 F.2d at 300–01. We also found the admission of expert testimony on battered women's syndrome acceptable to suggest an explanation for a victim's recantation of her grand jury testimony. *Arcoren*, 929 F.2d at 1235. Most recently we found no abuse of discretion where a health therapist testified that a victim's behavior was consistent with that of other sexually abused children. *United States v. Plenty Arrows*, 946 F.2d 62 (8th Cir.1991). Finally, in our landmark case of *Azure*, we stated that general testimony about a victim's ability to separate truth from fantasy, the expression of an opinion on the similarities between a victim's claim and the evidence, and the comparison of behavioral and testimonial patterns of a particular victim with the behavioral patterns observed in victims in general, were all admissible in certain circumstances. *Azure*, 801 F.2d at 340.

The testimony admitted in the present case was nothing more than we have allowed in prior cases. Furthermore, the South Dakota Supreme Court allowed and has continued to allow similar testimony. Therefore, we cannot say that the admission of such testimony violates any federal constitutional principle or that the State of South Dakota provides a more protective approach. The petitioner has the burden of

proving his entitlement to relief and he has not discharged that burden. *Adesiji*, 854 F.2d at 300.

OTHER ISSUES

The other issues raised by the appellant in this appeal were addressed by the South Dakota Supreme Court and were found to be without merit. Appellant's habeas petition was filed pro se and only raised the expert testimony issue. We appointed counsel for appeal. The designated record on appeal does not indicate that the petition was ever amended to include any other issues. The magistrate judge only made findings on the expert testimony issue and the district court's order was limited to that issue. Thus, we decline to review the issues sought to be appealed but not first raised in the petition.

Therefore, these issues are dismissed without prejudice to any subsequent petition that might be filed and without comment on the question whether any such petition would be an abuse of the writ.

As indicated, the judgment of the district court is affirmed.