32 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
William L. DEAN, Appellant.
UNITED STATES of America, Appellee,
v.
Aaron A. ROBINSON, Appellant.
 No. 94-1511, No. 94-1631.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 26, 1994.
Filed: August 1, 1994.
 
 Before FAGG, WOLLMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this consolidated appeal, William L. Dean and Aaron A. Robinson raise several issues. Upon consideration of each argument, we affirm.
 
 
 2
 Dean and Robinson, along with Theodore Watkins, were indicted on three counts alleging that they (1) interfered with commerce by threats of violence in violation of 18 U.S.C. Sec. 1951; (2) damaged a vehicle used in interstate commerce by fire in violation of 18 U.S.C. Sec. 844(i); and (3) attempted to commit bank fraud in violation of 18 U.S.C. Sec. 1344. Watkins entered a plea of guilty to the first count and agreed to testify against Dean and Robinson. The next day Robinson entered a plea of guilty to all three counts and several days later Dean entered a plea of guilty to count one. The pleas by Dean and Robinson were unconditional and neither raised any objection at the plea hearing to the sufficiency of the government's evidence relating to count one.
 
 
 3
 Both now claim that the facts were insufficient to establish the interstate nexus required by 18 U.S.C. Sec. 1951 (the Hobbs Act) and Dean contends that his lawyer ineffectively assisted him, that his sentence violated the United States Sentencing Guidelines, and that his sentence was based on conduct for which he was unaccountable. We disagree with these arguments.
 
 
 4
 Dean and Robinson lived in Kansas City, Missouri, with Clarice Robinson, Dean's girlfriend and Robinson's sister. On the evening of December 23, 1992, Dean, Robinson and Watkins borrowed Clarice's car and set out to rob anyone who appeared to have assets. They happened upon Deborah Bruns at about 10:00 P.M. as she was exiting her 1982 Chrysler convertible in the parking lot of her apartment complex in Kansas City.
 
 
 5
 Bruns, a musician by profession, was just returning from the Carriage Country Club where she was employed part-time as a pianist. They confronted Bruns, forced her into her car at knife point, stabbed and tortured her in an attempt to make her reveal the personal identification number (PIN) of her bank card which they seized, along with credit cards, from her person. They told Bruns they needed $5,000 and told her they would kill her if they did not get it.
 
 
 6
 They later bound her with duct tape, put her in the trunk of her car and cut and tortured her in a further attempt to force her to reveal the PIN. When they were unsuccessful in this venture, they attempted to burn the Chrysler with Bruns locked in the trunk. Fortunately, an individual in the neighborhood where they had taken Bruns and her car, observed the attempt and called the fire department. Firemen rescued Bruns, but not before she sustained permanent injuries and wounds that required over 800 stitches to treat. Her car was a total loss and her insurance money was insufficient to replace it with a similar vehicle.
 
 
 7
 Before entry of their pleas, Dean and Robinson filed motions to dismiss for lack of jurisdiction. The matter was referred to a United States Magistrate Judge who observed:
 
 
 8
 Although the indictment is not required to allege the exact nature of the interference with commerce, it outlines specifically the interference defendant is charged with: that the victim, a resident of Missouri, worked regularly in the states of Missouri and Kansas, travelled to Kansas on a daily basis on business, deposited the proceeds of her business in her bank account in Kansas, spent those funds in both Kansas and Missouri, and regularly used her automobile as a business vehicle in the course of her business activities in both Kansas and Missouri. Further, the indictment alleges that as a result of the injuries suffered by the victim, she has been unable to pursue her business activities in Kansas, has suffered loss of income derived through her interstate business activities, and has been deprived of the use of her business vehicle, all resulting in the obstruction, delay and movement of articles in commerce.
 
 
 9
 Designated Record at 75-76 and 88-89. Of course, section 1951 says:
 
 
 10
 (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.
 
 
 11
 Under the facts adduced in this case, we have no difficulty in finding the interstate nexus for jurisdiction over the Hobbs Act count. The appellants' jurisdictional claims are rejected.
 
 
 12
 Dean, for much of the time in which Bruns was being brutalized, was following the stolen vehicle in Clarice's car. He says, therefore, that his sentence was improper because the district court held him accountable for Robinson's heinous conduct which he claims he could not anticipate. Dean points to Application Note 2 of USSG Sec. 1B1.3(a)(1)(B) which says, in part,
 
 
 13
 The conduct of others that ... was not reasonably foreseeable in connection with that criminal activity, is not relevant conduct under [the relevant sentencing guideline].
 
 
 14
 The presentence report and other available sources reveal facts not disputed by Dean that make this argument grossly unpersuasive. The duct tape used to bind or cover Bruns' hands, legs and eyes was in the vehicle Dean was driving and Robinson obtained the duct tape from that car. Dean helped Robinson and Watkins place Bruns in the trunk of her automobile and helped them try to force Bruns to reveal her PIN. He also took the bank cards to Bruns' banking outlet in an attempt to obtain money without the PIN. We believe this is easily enough evidence to permit us to reject the "anticipation" claim advanced by Dean.
 
 
 15
 Finally, Dean claims his lawyer from the early stages of this case, an Assistant Public Defender for the Western District of Missouri, ineffectively assisted him. See Strickland v. Washington, 466 U.S. 668 (1984). Dean claims that his former lawyer failed to disagree with offense level calculations made in the presentence report. We think this claim is premature. We have said "[g]enerally, claims of ineffective assistance of counsel 'are not cognizable on direct appeal.' " United States v. Jennings, 12 F.3d 836, 840 (8th Cir. 1994) (quoting United States v. Sanchez, 927 F.2d 376, 378 (8th Cir. 1991)). Such claims are usually best presented to the district court under 28 U.S.C. Sec. 2255. United States v. Thompson, 972 F.2d 201, 204 (8th Cir. 1992).
 
 
 16
 Although his complaint as to the Public Defender's assistance was raised at the sentencing hearing in the district court, the court ruled it to be premature and no record was developed at that time. The purpose of proceeding under 28 U.S.C. Sec. 2255 in the presentation of an ineffective assistance claim is to permit the development of a "record about the quality of representation." United States v. Williams, 994 F.2d 1287, 1290-91 (8th Cir. 1993). We believe that these rules are applicable in this case and Dean's claim is rejected without prejudice to it being raised in an appropriate proceeding, if it can be factually supported.
 
 
 17
 Accordingly, the convictions and sentences are affirmed.