# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 18-3133

———————————————

United States of America

*Plaintiff - Appellee*

v.

Ezra Emil Johnson

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

————————

Submitted: September 23, 2019
Filed: December 3, 2019
[Unpublished]

————————

Before SMITH, Chief Judge, WOLLMAN and BEAM, Circuit Judges.

————————

PER CURIAM.

Ezra Emil Johnson pleaded guilty to conspiracy to distribute 100 grams or more of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B), and 846. The district court[1] sentenced Johnson to 132 months' imprisonment. We affirm.

The district court calculated Johnson's advisory sentencing range under the U.S. Sentencing Guidelines (Guidelines). Adopting the presentence investigation report, the district court applied the Guidelines career offender provision, because Johnson had one prior conviction that qualified as "a crime of violence" and another that qualified as "a controlled substance offense." See U.S.S.G. § 4B1.1(a). The court determined that Johnson's total offense level was 31, that his criminal history category was VI, and that his advisory sentencing range was 188 to 235 months' imprisonment. The court varied downward after consideration of the 18 U.S.C. § 3553(a) factors.

Johnson argues that the application of the Guidelines career offender provision violates the Double Jeopardy Clause of the Fifth Amendment. He contends that the imposition of a more severe advisory range punishes him twice for his earlier offenses. The Supreme Court has rejected similar double jeopardy challenges, "because the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime . . . ." Witte v. United States, 515 U.S. 389, 400 (1995) (internal quotation marks and citation omitted). Because the career offender provision increases Johnson's total offense level for his current offense, it is not an additional penalty under the Fifth Amendment, and Johnson's argument thus fails. See United States v. Thompson, 972 F.2d 201, 204 n.3 (8th Cir. 1992) (holding that the career offender provision does not violate the Double Jeopardy Clause); see also United States v. Smith, 581 F.3d 692, 695 (8th Cir. 2009) (holding that increasing a sentence based on a prior conviction does not violate the Double Jeopardy Clause).

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Finally, Johnson's sentence is substantively reasonable. The record establishes that the district court sufficiently considered the § 3553(a) sentencing factors and did not abuse its discretion in varying downward. See United States v. Zauner, 688 F.3d 426, 429 (8th Cir. 2012) (noting that, when a district court varies downward, "it is nearly inconceivable that the court abused its discretion in not varying downward still further" (quoting United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009))); see also United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (discussing standard of appellate review for sentencing decisions).

The sentence is affirmed.

_____